### 8588

### STEELE v. ATLANTIC COAST LINE R. R. Co.

JOINT TORTS—DEMURRER—MASTER AND SERVANT.—Where a defendant, master, is sued on a several and joint tort, with his servant, charging a concurrent chain of negligent acts combining to produce an injury, demur on ground of misjoinder of causes of action by master will not lie.

*Hines* v. *Jarrett*, 26 S. C. 480, *distinguished from this case.*

Before SEASE, J., Florence, Fall term, 1912. Affirmed.

Action by W. M. Steele against Atlantic Coast Line R. R. Co. Defendant appeals.

*Mr. F. L. Willcox,* for appellant, cites: 57 Neb. 534; Pom. Code R., Secs. 335, 340, 350; 67 S. C. 499.

*Messrs. Ragsdale & Whiting,* contra, cite: 55 S. C. 90; 79 S. C. 438; 64 C. C. A. 548; 68 S. C. 55; 67 S. C. 499; 41 Am. R. 182; 166 U. S. 521; 12 L. R. A. (N. S.) 675; 82 N. E. 705; 75 Fed. 691; 100 S. W. 551; 25 N. E. 799; 39 S. W. 695; 85 Pac. 230.

June 28, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. In the argument of appellant there is the following statement of its case:

"This is a suit for damages alleged to have resulted from personal injuries to plaintiff, a switchman and car coupler, while in the discharge of his duties, on the 23d day of December, 1911, in the Florence yards of Atlantic Coast Line Railroad Company. The complaint alleges the bruising, breaking and maiming of plaintiff's left hand and wrist. It further alleges that the injury was caused by the negligence and wrongful acts of defendant in several particulars, to wit: First. In the failure of the defendant, Atlantic Coast Line Railroad Company, to provide safe and suitable appliances. Second. In the wilfullness of both defendants, acting through the defendant, Crumpler, in requiring plaintiff to go into a position of danger and to use unsafe and defective appliances. Third. In the wilfullness of the defendant, Atlantic Coast Line Railroad Company, in causing the cars to be brought together with great force while the coupling devices were out of repair. Fourth. In the failure of both defendants, acting through the defendant, Crumpler, to open the knuckle on one of the coaches in question before attempting to make the coupling; and Fifth. In the wanton and wilful failure of the defendant, Atlantic Coast Line Railroad Company, to make the coupling as the cars came together.

"It will be noted that the negligent acts relied upon to create the liability in favor of the plaintiff are charged, first, against one defendant alone, and then against the two jointly.

"The defendant, Atlantic Coast Line Railroad Company, demurred instead of answering the complaint, basing its demurrer on the ground that several causes of action have been improperly united, this defect in pleading appearing upon the face of the complaint. It charges that a cause of action against it alone for failure to provide suitable appliances, in providing which the defendant, Crumpler, had no part, cannot be joined in the same complaint with a cause

of action against the two defendants for the joint neglect of a duty imposed by law upon both of them.

"Upon hearing the demurrer his Honor, Judge Sease, made an order overruling same, whereupon this appeal was taken upon one exception."

"His Honor erred, it is respectfully submitted, in not sustaining the demurrer interposed by the defendant, Atlantic Coast Line Railroad Company, and in not holding that plaintiff in his complaint had improperly joined two causes of action, one against the defendant, Atlantic Coast Line Railroad Company, for negligent, wanton and wilful failure to provide and maintain safe and suitable appliances for coupling together its cars, this cause of action being against the Atlantic Coast Line Railroad Company only; and another against Atlantic Coast Line Railroad Company and the defendant L. L. Crumpler, jointly, on account of the joint and concurrent, negligent, wanton and wilful order and direction of the defendant, L. L. Crumpler, as agent, and the defendant, Atlantic Coast Line Railroad Company, as principal. He should have held that two such causes of action cannot properly be united in one complaint, and should have sustained defendant's demurrer."

It will be observed that the statement does not show separate acts of negligence, each of which produced separate injuries; but a concurrent chain of negligent acts which combined to produce one injury. The demurring defendant (the Railroad Company) is alleged to be negligent in each link of the chain. Where there are several joint *tort feasors,* each may be sued separately. If, therefore, the Rairoad Company had been sued separately its objection would not apply. The objection raised is that it is sued for a several cause of action and a joint and several cause of action. The objection, therefore, is to a misjoinder of parties, rather than a misjoinder of causes of action. Whether the demurrer be to the one or the other, the demurring defendant must show that he is prejudiced by the misjoinder.

The codefendant, Crumpler, might complain because he might be made to suffer in a general verdict for a negligent act for which it was not even claimed that he was responsible. The demurring defendant is, according to the statement, alleged to be responsible for each and every act complained of. Crumpler did not demur and the defendant company is not injured.

Ency. of Pl. and Prac., Vol. XIV, pp. 212-213. "It is well settled that the objection of multifariousness or misjoinder is a personal one and that only a defendant who is prejudiced thereby can be heard to complain of it. * * * Generally, moreover, a proper defendant cannot demur for the misjoinder of an improper one."

The case of *Hines* v. *Jarrett*, 26 S. C. 480, 2 S. E. 393, to which we have been referred, is not authority here. In that case there were separate injuries at different times. Here there was one injury at one time.

The judgment appealed from is affirmed.