### 11894

## PENDLETON v. COLUMBIA RAILWAY, GAS & ELECTRIC COMPANY *ET AL.*

### (131 S. E., 265)

1. ACTION—TORT-FEASORS CANNOT BE SUED BOTH SEPARATELY AND JOINTLY; ACTIONS BEING INCONSISTENT.—Tort-feasors cannot be sued both separately and jointly, since the two actions are inconsistent.

2. TORTS—LIABILITY OF WRONGDOERS JOINT AND SEVERAL.—Liability arising from torts committed by two or more is joint and several in its nature, resembling a joint and several liability.

3. TORTS—PARTY INJURED BY TWO OR MORE PERSONS IN COMBINATION MAY BRING ACTION AGAINST ALL WRONGDOERS, OR ANY NUMBER, OR SEPARATE ACTION.—If tort is such that it may be committed by

two or more persons in combination, injured party may sue all wrongdoers, or any number of them, or bring separate action against each one or any part of the whole.

4. TORTS—SEPARATE ACTION MUST BE BROUGHT AGAINST EACH WRONG-DOER FOR DIFFERENT TORT BY EACH.—If, in contemplation of law, the single tort cannot be committed by two or more together, and can only be a different tort by each, separate action must be brought against each wrongdoer.

5. NEGLIGENCE—SINGLE INJURY FROM SEPARATE ACTS SUBJECTS TORT-FEASORS TO JOINT AND SEVERAL LIABILITY.—A single injury, which is proximate result of separate independent acts of negligence of two or more parties,·subjects tort-feasors, even in absence of community of design or concert of action, to liability which is both joint and several.

6. ELECTION OF REMEDIES—ELECTION TO SUE UPON THEORY OF JOINT LIABILITY INVOLVES RELINQUISHMENT OF RIGHT TO RAISE SEPARABLE CONTROVERSY.—Joinder of two or more alleged wrongdoers as parties defendant in one action implied election to treat injury as joint tort, and recovery upon theory of joint liability involves relinquishment of right in that action to raise a separable controversy with any one defendant.

7. PLEADING—WHERE SEPARATE CAUSES ON THEORY OF SEVERAL AND ALSO OF JOINT LIABILITY ARE SET UP, REMEDY IS BY MOTION TO ELECT, AND NOT BY DEMURRER.—Where separate causes of action against tort-feasors are set up seeking to recover against each on theory of several liability, and same complaint sets up cause of action against defendants jointly, remedy is not demurrer, but motion to require plaintiff to elect.

8. PLEADING—JOINDER OF PARTIES DEFENDANT IN TORT ACTION IS PRIMA FACIE ELECTION TO TREAT INJURY AS TORT FOR WHICH PARTIES ARE JOINTLY LIABLE.—Motion requiring plaintiff to elect whether he will treat cause of action as one of joint liability or separate liability is not necessary, except where complaint shows that plaintiff is attempting in same action to recover separately and jointly, since joinder of parties is *prima facie* election to treat injury as tort for which parties are jointly liable.

9. ACTION—COMPLAINT HELD TO CONSTITUTE PRIMA FACIE ELECTION TO JOIN TORT-FEASORS AS PARTIES DEFENDANT IN ONE ACTION.—Filing complaint alleging plaintiff's injury when struck by one defendant's automobile on leaving street car, and alleging negligence of both defendants, with no separate cause of action formally alleged against either, *held* to be *prima facie* election to treat injury as joint tort, within Code Civ. Proc. 1922, § 427.

Before MEMMINGER, J., Richland, October, 1924. Affirmed.

Action by R. L. Pendleton against the Columbia Railway, Gas & Electric Co. and another. From an order refusing to require plaintiff to make complaint more definite and certain and to elect on what remedy he would rely, defendants appeal.

*Mr. R. B. Herbert,* for appellant named, cites: *City ordinance must be pleaded:* 92 S. C., 490; 75 S. E., 793. *Motion to make more definite and certain:* 78 S. C., 327; 58 S. E., 1013. *Election of one of several causes:* 128 S. E., 711; 118 S. E., 617; 125 S. C., 297; 111 S. E., 881; 119 S. C. 117; 102 S. E., 514; 113 S. C., 453. *Order refusing to require election appealable:* 125 S. C., 297; 118 S. E., 617; 128 S. E., 711.

*Messrs. Frank G. Tompkins* and *Heyward Brockington,* for respondent, cite: *Election of one of several causes:* 113 S. C., 453. *Verdicts against defendants whose separate acts combine to produce injury:* 27 S. C. L., 184; 8 S. C. L., 338. *Joinder of causes of action:* 65 S. C., 222; 64 S. C., 491; 64 S. C., 389; Code Civ. Proc., 1922, Sec. 427, Subsection II.

January 11, 1926.

The opinion of the Court was delivered by MR. JUSTICE MARION.

This plaintiff brought his action in tort against the Columbia Railway, etc., Company, hereinafter referred to as the Railway Company, and Leon E. Dicks, to recover damages for an alleged personal injury.

The defendants made a motion in the Circuit Court to require the plaintiff: (1) To make his complaint more definite and certain, etc.; and (2) "to require the plaintiff to elect as to whether or not he relies on separate and several acts of negligence on the part of the codefendants, or whether he elects to rely on joint negligence on the part of

said defendants." From an order refusing that motion, the defendants appealed to this Court. The plaintiff moved in this Court to dismiss the appeal. That motion, in so far as the appeal involved "the matter referred to under subdivision (2) above," was refused. See *Pendleton v. Columbia Railway, etc., Co. et al.* (S. C.), 128 S. E., 711, wherein it was held that "the order refusing to require the plaintiff to elect involved the merits and was appealable before final judgment."

The question now presented for determination on its merits is whether the Circuit Judge committed error in refusing to require the plaintiff to elect as to whether he relies on "separate and several acts of negligence on the part of the codefendants" or on their "joint negligence." The complaint alleges, in substance: (1) That the plaintiff was discharged by the defendant Railway Company from one of its street cars in the middle of a block, and was thereby placed in a much traveled street, where he was struck by an automobile driven by the defendant Dicks and thereby seriously injured in his person; (2) that his said injuries were caused by the negligence and willfulness of the defendant Railway Company, in various particulars, which are separately set out; (3) that his said injuries were caused by the negligence and willfulness of the defendant Dicks, in various particulars, which are separately set out; (4) that the negligent and willful acts of the defendant Railway Company "were the proximate causes of the injury as aforesaid," and combined and cooperated with the negligence and willfulness of the defendant Dicks to bring about "this injury"; and (5) that the "said joint and concurrent" negligence and willfulness of the defendants were the proximate cause of the injury to the plaintiff, and that by reason of the negligence and willfulness of the Railway Company, and the "joint and concurrent" negligence and willfulness of the two defendants, the plaintiff had sustained damages in the sums of $25,000 actual and $25,000 puni-

tive damages.   The prayer of the complaint is for "judgment against the said defendants" in the sums above stated.

The ruling made and the views expressed by this Court in the case of *McKenzie v. Railway Co.,* 113 S. C. 453; 102 S. E., 514, upon which defendants' motion to require an election was evidently predicated, are thus succinctly and accurately stated by Mr. Justice Cothran in disposing of plaintiff's motion to dismiss this appeal (*Pendleton v. Columba Ry., etc., et al., supra*) :

"That case resulted from a collision at a railroad crossing between a train of the corporation and an automobile owned and driven by the individual defendants, in which the plaintiff was riding as a passenger.   The complaint contained three causes of action:   (1) Against the corporation defendant for negligence in operating the train; (2) against the individual defendants for negligence in operating the automobile; (3) against both defendants, corporation and individual as joint tort-feasors.   The Court said:

" 'Of course, a recovery under the second cause of action against Holler and Hairley (the individual defendants) bars a recovery under the third cause of action (against both as joint tort-feasors), for the reason that joint tort-feasors cannot be sued both separately and jointly.   The two actions are inconsistent; and if the defendant had made a motion to require the plaintiff to elect whether he would rely upon the first and second causes of action (which were against the defendants separately), or upon the third (in which they were sued jointly), the motion would have been granted.' "

While the foregoing observations to the effect that 1-4 "tort-feasors cannot be sued both separately ·and jointly," and that "the two actions are inconsistent," were made by way of argument in the *McKenzie Case,* we think they are soundly grounded in principle.   The general rule is thus well stated by Pomeroy in his Remedies and Remedial Rights (2d Ed.) § 281:

"The general doctrine is that the liability arising from torts committed by two or more is joint and several in its nature, or, to be accurate, it resembles a joint and several liability. * * * In pursuance of the general rule, as given above, if the tort is of such a nature that it may be committed by two or more persons in combination, the injured party may bring an action against all the wrongdoers, against any number of them, or against one of them, or may bring a separate action against each one, or against any part of the whole. The liability is much broader, therefore, than one which is simply joint and several. If, in contemplation of law, the single tort cannot be committed by two or more together, and can only be a different tort by each, a separate action must be brought against each wrongdoer."

That a single injury, which is the proximate result 5, 6 of the separate and independent acts of negligence of two or more parties, subjects the tort-feasors, even in the absence of community of design or concert of action to a liability which is both joint and several, is a proposition recognized and approved in this State and supported by the great weight of authority elsewhere. *Matthews v. Railway*, 67 S. C., 499, 514; 46 S. E., 335; 65 L. R. A., 286. *Steele v. Railroad Co.,* 95 S. C., 124, 126; 78 S. E.,705. Cooley on Torts (3d Ed.), p. 246; 38 Cyc., 488. Since the liability of such tort-feasors is both joint and several, it is well settled that the law gives to the injured party the option of suing two or more of the parties liable jointly; that is, as defendants in one action, or of suing each upon his several liability in a separate action. And since the injured party's right to join two or more alleged tort-feasors in one action may be sustained only upon the theory of joint liability when a plaintiff joins two or more alleged wrongdoers as parties defendant in one action, such joinder in itself necessarily implies that he has elected to treat his injury as a joint tort, and to recover upon the theory of joint liability. Such

election to sue upon the theory of joint liability logically involves the relinquishment of the right in that action to raise a "separable controversy" with any one defendant and to recover against one or more separately upon the theory of several liability in any sense other than that the plaintiff in such joint action is not bound to recover against all, but may recover against one or more and not against others. 38 Cyc., 491. That principle (subject to the limitation that a sham or fraudulent joinder will not avail) has controlled the Courts in determining whether in action against two or more tort-feasors the complaint presents. a separable controversy as between the plaintiff and a defendant of diverse citizenship for the purpose of removing a cause from the State and to the Federal Courts. Thus in the case of *Hough v. So. Ry. Co.,* 144 N. C., 692, 695; 57 S. E., 469, 471, where in such an action the question was as to removal to the Federal Court upon the ground of separable controversy, the Court, in an opinion by the careful and learned Justice Walker, said:

"This is the substance of the cause of action, which, being for a tort, may be made joint, by uniting all the tort-feasors as defendants in one action, or several, by suing each in a separate action. The plaintiff, or party aggrieved by the wrong, may make it joint or several at his election; and it is not open to the wrongdoer to complain of the election so made, or to dictate how he shall make his choice. If the injured party chooses to sue the wrongdoers jointly, he thereby declares that the tort shall be joint, and the law so regards it, without listening to or even hearing from the wrongdoer. And so it is when he sues them separately. His election finally determines what shall be the character of the tort, whether joint or several."

The expression of this Court in the *McKenzie Case* that "joint tort-feasors cannot be sued both separately and jointly," and that "the two actions are inconsistent," is in consonance with the foregoing principle.

Hence, where, as in that case, the plaintiff sets up separate causes of action against each of the defendants and seeks to recover against each upon the theory of several liability and in the same complaint sets up a cause of action against the defendants jointly, the defendants' remedy, as was there held, is not demurrer (*Steele v. Railroad Co.*, 95 S. C., 124; 78 S. E., 705), but a motion to require the plaintiff to elect between the cause or causes of action definitely predicated upon the theory of separate liability and that based upon joint liability.

8, 9    But since the very joinder of parties defendant in a tort action is *prima facie* an election to treat the injury as a tort for which such parties are liable upon the theory of joint liability, it is obvious that there is no necessity for such motion to elect except in a case where the complaint is susceptible of no other reasonable construction than that the plaintiff is attempting in the same action both to recover separately against one or more of the defendants upon the theory of several liability and to recover against them jointly upon the theory of joint liability. Where, as in the *McKenzie Case,* the plaintiff separately states the facts upon which the liability of one of the defendants is predicated, and thereupon formally sets up a separate and independent cause of action against such single defendant, the conclusion that the plaintiff is entitled to rely upon such separate cause of action and to recover thereon, notwithstanding he has also set up a cause of action against all the defendants jointly, is doubtless required. But in the case at bar we are of the opinion that the complaint is entirely consistent with the *prima facie* election on the part of the plaintiff—involved in the joinder of two or more tort-feasors as parties defendant in one action—to treat his injury as a joint tort, for which such defendants are liable on the theory of joint liability. The facts alleged make a case of a single indivisible injury caused, without community of design or concert of action, by the separate and in-

dependent acts of the two defendants. No separate cause of action is formally alleged against either of the defendants, and the whole amount of the damages alleged to have been sustained is sought to be recovered against both. We think a recovery against one defendant in this action would clearly preclude the plaintiff from thereafter attempting to pursue and hold the other upon the theory that the recovery had against the one defendant was referable to a separate cause of action against such defendant and did not involve the adjudication of a similar separable controversy with the other defendant.

Nor is a different view required by any proper application of the so-called "jumbling statute" (now Section 427, Vol. 1, Code 1922). The salutary object of that statute— in so far as it refers to "how two or more causes of action for damages shall be pleaded"—was to abolish the practice which had prevailed prior to its enactment of requiring the plaintiff in a tort action to make of each separate negligent act or omission, capable in itself of producing the injury, a separate and distinct cause of action in his complaint. *Mew v. Railway Co.*, 55 S. C., 90, 97, 98; 32 S. E., 828. *Sloan v. Railroad Co.*, 64 S. C., 389; 42 S. E., 197. The assumption upon which that act is predicated—that a cause of action in tort based upon a single injury is not properly divisible into as many parts as there are separate and independent acts of negligence causing, or contributing to, the result complained of—is, we think, entirely sound. See Pomeroy, *Remedies and Remedial Rights* (1st Ed.), §§ 452-457. Neither the fact that the complaint in the case at bar sets out in separate paragraphs the separate acts of negligence of each defendant which are alleged to have caused the single injury complained of, nor the fact that the negligent acts are alleged to have been committed by two separate and independent parties, make of the complaint one which states more than one cause of action in the sense with which we are here concerned with the meaning

of that term.   The plaintiff expressly alleges that the separate acts of negligence attributed to each of the defendants concurred and cooperated to produce the result—the injury complained of.   Having elected to sue the two defendants in one action, and having alleged that the acts of each concurred in causing his injury—the only theory upon which he was entitled to sue both in one action—he must recover, if at all, upon the theory of joint liability, and not upon that of separate causes of action predicated upon the several liability of the two defendants.

For the reasons stated, the order of the Circuit Judge is affirmed.

MESSRS. JUSTICES WATTS and COTHRAN and MR. ACTING ASSOCIATE JUTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.