14858

BOYD v. MAXWELL *ET AL.*

(2 S. E. (2d), 395)

*Messrs. W. G. Sirrine* and *Price & Poag,* for appellant,

*Messrs. Hicks & Johnston,* for respondent,

April 6, 1939.

*Per curiam.*

Respondent brought his action for personal and property damage against an individual, Robert Samuel, and appellant, a corporation, for injuries sustained in an automobile

accident. There was no connection between the two defendants. The complaint alleges, Paragraph III, omitting specifications of negligence of which there was not a scintilla of supporting evidence:

"That the defendants were jointly and concurrently negligent, careless, reckless, willful and wanton in the following particulars, to wit: * * *

"(b) In the failure of the driver of Maxwell Brothers & Quinn's truck to signal or give any warning of his intention to stop suddenly in the center of the street, thus forcing the truck of Robert Samuel to cut to the left, into the path of the plaintiff's automobile;

"(c) In the Robert Samuel truck being driven too close behind the Maxwell Brothers & Quinn truck, thus preventing it from being able to stop when the Maxwell Brothers & Quinn truck stopped, *without giving any warning;*

"(d) In the failure of Maxwell Brothers & Quinn's truck to be properly equipped, with a proper stop light on the rear, which would indicate the driver's intention to stop when the brakes were applied;

"(e) In the operation of both trucks without either driver keeping a proper lookout and without keeping trucks under control; and * * *."

Paragraph IV begins: "That as a result of the joint and concurrent negligence, carelessness, recklessness, wantonness, and willfulness of the defendants * * *."

A trial of the case resulted in a verdict for respondent against both defendants, which the trial Judge construed and held to be a verdict in the sum of Three Thousand ($3,-000.00) Dollars against both of them. It will not be necessary to discuss the issue raised by the exceptions with reference to this verdict.

The trial Judge charged the jury:

"In order under the Complaint for the plaintiff to recover he must recover against both the Maxwell Bros. & Quinn Company and against Samuel. The alleged cause of action

is what is known as a joint, an alleged joint wrong; that is that the acts, the wrongful acts of both Samuel and the Quinn Company are necessarily inseparable in their nature to the acts of negligence on the part of the defendants as one and you can't separate them and you can't make Quinn liable without tacking on Samuel's negligence; and you can't make Samuel liable without tacking on Quinn's negligence.

"Now, then, in a case like that in order for Mr. Boyd to recover these wrongful acts must be established by the greater weight or preponderance of the evidence against both. You can't find against Quinn and not find against Samuel. You can't find against Samuel and not find against Quinn in this case. If Mr. Boyd is entitled to recover he is entitled to recover against both or not at all. If you find that Quinn was negligent, but that his negligence is entirely separate and not related to the negligence of Samuel, if Samuel was negligent in such a way that the accident would not have happened without it, I mean would have happened without it, then you can't find solely against Quinn. If you find that Quinn was negligent and Samuel was not you can't find against Quinn; or if you find that Samuel was negligent and Quinn was not you can't find against Samuel. If you find that Samuel was negligent and Quinn was negligent and that negligence was joint and concurrent, the negligence was so related to each other that they made up the single act, brought about the collision as a single incident in consequence thereof, directly and proximately Mr. Boyd was injured, then you can find and should find for Boyd."

At the conclusion of the trial Judge's charge, and we assume upon invitation from the Judge, counsel for appellant took issue with the charge as above given, and requested him to charge the jury "that the way" this complaint was drawn, they could find against appellant's co-defendant, if their finding of fact was that his negligence caused respondent's injury; and could find a verdict in favor of appellant.

After discussion, as is usual in such circumstances, the trial Judge adhered to the law as he had charged it; that is, the jury had to find a verdict either against or in favor of both defendants—that a verdict could not be rendered against only one of the defendants.

Such charge is made the basis of appellant's Exceptions IV, V and VI. The specifications of error are alleged as follows':

"That said charge was error as his Honor should have instructed the jury that they could find a verdict in favor of the plaintiff against one defendant and absolve the other defendant from liability, it being submitted that the Complaint set forth a cause of action joint and several in its nature, and even if it only charged joint negligence, etc., when all of the evidence was out, the jury had a right to find a verdict in plaintiff's favor against one defendant and not against the other."

"Said charge was greatly prejudicial to the appellant, in that by reason of the Answer and Cross-Complaint of Robert Samuel a motion for an election could not have been made, and the appellant was thus tied into a case with the defendant who actually had the collision with the plaintiff, and the jury were in effect charged that even though they found that the plaintiff had a just case and had proved one against Robert Samuel that he could not recover in that case but the jury must throw him out of Court and require him to start all over again."

In *Matthews v. Seaboard Air Line Railway*, 67 S. C., 499, 514, 46 S. E., 335, 340, 65 L. R. A., 286, we find an excellent statement, quoted from *Matthews v. R. R. Co.*, 56 N. J. L., 34, 27 A., 919, 22 L. R. A., 262, as to when defendants are joint tort-feasors. We reproduce such statement: " 'If two or more persons owe to another the same duty, and by their common neglect of that duty he is injured, doubtless the tort is joint, and upon well-settled principles each, any, or all of the tort-feasors may

be held. But when each of two or more persons owe to another a separate duty, which each wrongfully neglects to perform, then, although the duties were diverse and disconnected, and the neglect of each was without concert, if such several neglects concurred and united together in causing injury, the tort is equally joint, and the tort-feasors are subject to a like liability'."

The complaint in this action undoubtedly states a joint cause of action, but under the decisions of this Court, insofar as the issue now before the Court is concerned, it makes but little, if any difference, if it states a joint cause of action or a joint and several cause of action. It is true that where a joint cause of action is stated, and also a joint and several cause, a plaintiff may be required to elect upon which cause of action he will go to trial. *Pendleton v. Columbia Ry., Gas & Electric Co. et al.,* 133 S. C., 326, 131 S. E., 265; *Martin v. Hines,* 150 S. C., 210, 147 S. E., 870.

In *Pendleton v. Columbia Ry. G. & E. Co., supra,* the Court stated (133 S. C., 326, 131 S. E., 267) : "That a single injury, which is the proximate result of the separate and independent acts of negligence of two or more parties, subjects the tort-feasors, even in the absence of community of design or concert of action, to a liability which is both joint and several, is a proposition recognized and approved in this state and supported by the great weight of authority elsewhere. *Matthews v. Railway,* 67 S. C., 449, 514, 46 S. E., 335, 65 L. R. A., 286; *Steele v. Railroad Co.,* 95 S. C., 124, 126, 78 S. E., 705; Cooley on Torts (3d Ed.), p. 246; 38 Cyc., 488. Since the liability of such tort-feasors is both joint and several, it is well settled that the law gives to the injured party the option of suing two or more of the parties liable jointly; that is, as defendants in one action, or of suing each upon his several liability in a separate action. And since the injured party's right to join two or more alleged tort-feasors in one action may be sustained only upon the

theory of joint liability, when a plaintiff joins two or more alleged wrongdoers as parties defendant in one action, such joinder in itself necessarily implies that he has elected to treat his injury as a joint tort, and to recover upon the theory of joint liability. Such election to sue upon the theory of joint liability logically involves the relinquishment of the right in that action to raise a 'separable controversy' with any one defendant and to recover against one or more separately upon the theory of several liability in any sense other than that the plaintiff in such joint action is not bound to recover against all, but may recover against one or more and not against others. 38 Cyc., 491.   *   *   * ."

The last portion of the above-quoted statement appears to be *obiter dictum* but is a correct pronouncement of the law. The only question then before the Court was whether a plaintiff could be required to elect upon which cause of action he would proceed when his complaint alleges a joint tort and a separate tort of one of the defendants, if on the joint tort or the separate tort. As suggested in that opinion, such issue had its origin in the removal of cases to the Federal Courts on the ground of a separable controversy and diverse citizenship.

The question before the Court in the instant case is well stated by appellant in the following language: "Did the Court err in charging the jury that if they found a verdict for the plaintiff they would have to find against both of the defendants and could not return separate verdicts as to each of the two defendants?"

While the precise question was not then before the Court, yet in *Rhodes v. Southern Railway Co. et al.,* 139 S. C., 139, 137 S. E., 434, 436, the Court, through Mr. Justice (afterwards Chief Justice) Blease, stated: "Again, in a suit for a joint and concurrent tort, proof of the commission of the tort by one of the defendants only is sufficient to take the case to the jury, and to justify a verdict against that defendant." (Citing cases.)

As above suggested, such statement of the law in the *Rhodes case* was *obiter dictum,* but it has since been quoted with approval by this Court in passing upon an issue analogous to the one which we now seek to answer. See *Halsey v. Minnesota-South Carolina Land & Timber Co.,* 174 S. C., 97, 177 S. E., 29, 100 A. L. R., 1.

In the last mentioned case, the defendant and one R. L. Montague had been sued in an action sounding in damages arising from a joint and concurrent tort of the two. While the action was pending, Montague died and the action as to him was abated. One of the questions then before the Court was, the action being based upon an alleged joint and concurrent tort, and having abated as to Montague, could any recovery be had? This Court answered that question in the affirmative. In discussing the issue, the Court cited and quoted from several South Carolina cases (see pages 120 and 121 of 174 S. C., 177 S. E., 39, 100 A. L. R., 1), and concluded:

"Here is distinct recognition of the principle that one may recover against one only of two or more joint tort-feasors sued in the same action.

" 'A complaint which states a joint liability of defendant is not affected by the fact that action is dismissed as to the other joint tort-feasors.' 62 C. J., 1152.

"The case of *National Bank v. So. Ry.-Carolina Division,* 107 S. C., 28, 91 S. E., 972, 973, charged a joint tort committed by the railway company and the oil mill. In the opinion of Mr. Justice Watts, this is said: 'The plaintiff could have a judgment against either of the defendants or both as they were joint tort-feasors, but it could have but one satisfaction for the wrong done'."

Attention is also invited to the case of *Sexton v. City of Rock Hill,* 107 S. C., 505, 93 S. E., 180. And to *Mullikin v. Southern Bleachery & Print Works et al.,* 184 S. C., 449, 192 S. E., 665.

In *Landreth v. Atlantic Refining Co. et al.,* 177 S. C., 490, 181 S. E., 727, 728, the named defendant was joined

in an action with the City of Greenville and J. H. Roe, the complaint alleging "that said acts of the defendant, City of Greenville, combining and concurring with the said acts and delicts of its co-defendants, The Atlantic Refining Co. and J. H. Roe, were the direct and proximate cause of plaintiff's injuries."

The City of Greenville went out of the case on demurrer, and a nonsuit was granted as to Roe. Atlantic Refining Company made a motion for a directed verdict on the ground "that this being a suit for a joint tort and the City of Greenville and J. H. Roe, two of the alleged joint tort-feasors, having been dismissed, there could be no recovery against the Atlantic Refining Company as a participant in a joint tort." The trial Judge overruled the motion and on appeal to this Court his ruling was sustained.

If a plaintiff is permitted to recover in an action against two or more joint tort-feasors whose delicts combining and concurring are alleged in the complaint to be the proximate cause of such plaintiff's injury, against only one of the defendant tort-feasors, then it is most logical that a defendant joined with others alleged to be joint tort-feasors is entitled to have the jury instructed that they can find separate and different verdicts as between the various defendants—that they can find against one defendant and not against the other if they should conclude that the delict of only one defendant was the proximate cause of the injury. All of the parties are then before the Court, and justice can be done. Having elected to bring a joint cause of action, the plaintiff is thereafter estopped from bringing an independent cause of action against only one of the tort-feasors. The testimony may disclose that the delict of only one of the alleged joint tort-feasors is the proximate cause of the injury. To hold that the plaintiff under these circumstances must recover against all alleged joint tort-feasors, or his action must fail, would necessarily work a great injustice against either the plaintiff or against the innocent alleged tort-feasors.

It is true that ordinarily a plaintiff must stand or fall upon the allegations of his complaint, but this rule must not be carried to the extent that "substance is sacrificed to form," for after all the Courts are intended for the dispensation of justice. Juries are the fact-finding limbs of the Court and should not be hampered, embarrassed or coerced into verdicts which do not speak the truth.

We are constrained to hold that it was error for the trial Judge to refuse to charge the jury as requested by appellant, and appellant's Exceptions IV, V and VI are sustained.

It is unnecessary that we pass upon the other exceptions.

The judgment appealed from is reversed as to the appellant, Maxwell Brothers & Quinn, and the case remanded for a new trial.

MR. CHIEF JUSTICE STABLER, and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.