Robert GRIFFING, Plaintiff,

v.

ATLAS VAN LINES, Inc., a Corporation; Starck Van Lines, Inc., a Corporation; William T. Nagle; One (1) 1954 White Tractor, bearing 1955 West Virginia License No. K 5-214; One (1) 1952 Trailmobile Trailer, bearing 1955 West Virginia License No. L 2-356; and Claude Lee Johnson, Defendants.

Civ. A. No. 4858.

United States District Court
E. D. South Carolina,
Charleston Division.

Aug. 3, 1957.

Edens & Hammer, Columbia, S. C., I. A. Smoak, Jr., Walterboro, S. C., for plaintiff.

Hagood, Rivers & Young, Charleston, S. C., Wm. F. Prioleau, Jr., Columbia, S. C., for defendants.

WYCHE, District Judge.

The above action, instituted in the State Court and removed here upon the ground of diversity of citizenship, was brought by the plaintiff to recover damages against the above named defendants for their separate, independent and joint acts of negligence and gross negligence in causing a collision between plaintiff's automobile and a tractor-trailer which, in the nighttime, was stopped on the paved and traveled portion of United States Highway No. 17, near the town of Walterboro, South Carolina.

The case was tried before me without a jury, and in compliance with Rule 52 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

### Findings of Fact

1. On March 28, 1955, in the nighttime, an automobile owned and driven by the defendant Claude Lee Johnson, while proceeding from Walterboro, South Carolina, to Parris Island, South Carolina, in a southerly direction along United States Highway No. 17, became disabled by a flat tire about fourteen miles from the town of Walterboro, South Carolina; and thereupon the defendant Johnson drove it off the paved part of the highway onto the westerly shoulder, and in so doing the automobile slipped into a ditch with its burning headlights angled onto the road and toward traffic coming northward on the highway.

2. Shortly after Johnson's automobile slipped into the ditch, he and another occupant of the automobile, one Riley, flagged a tractor-trailer, operating as a motor carrier of household furniture, driven by the defendant William T. Nagle, as the agent, employee and servant of the defendants Atlas Van Lines, Inc. and Starck Van Lines, Inc., proceeding in a northerly direction along United States Highway No. 17.

3. The driver of the tractor-trailer, with the intent of rendering assistance, stopped a short distance north of the disabled vehicle on the traveled and paved portion of the north-bound lane of traffic on the highway, although there was a four-foot shoulder on the easterly side where the tractor-trailer could have parked partially off the traveled northbound lane of traffic, and a filling station several hundred feet north where it could have proceeded to and stopped without creating a traffic hazard.

4. Shortly after the tractor-trailer came to a stop, with the defendant Nagle remaining in the cab of the tractor, Johnson and Riley left the automobile unattended with its headlights burning and went to the tractor-trailer where Johnson, standing on the left running board, engaged in conversation with the defendant Nagle while Riley stood on the highway in the southbound lane of traffic.

5. A short time after Nagle and Johnson began their conversation, the plaintiff, driving his automobile at a lawful rate of speed in a northerly direction along said highway, approached the burning headlights of the Johnson automobile.

6. When he came within five or six hundred feet of Johnson's vehicle, the plaintiff dimmed his lights and although his vision was somewhat obscured beyond the point where Johnson's vehicle was parked, he could see a reasonable distance in front of him and continued at a reasonable rate of speed along the highway.

7. When plaintiff reached a point on the highway a short distance from the place where Johnson's vehicle was parked, he was suddenly blinded by the glare of the headlights on the Johnson automobile, then immediately released his foot from the accelerator, and within a fraction of a moment thereafter when he regained his vision he saw in front of him the rear of the tractor-trailer and Riley standing in the southbound lane of traffic.

8. Because of the position and proximity of the tractor-trailer and the person standing in the southbound lane of traffic when plaintiff regained his vision after being blinded, he could neither stop in time nor proceed to the left of the tractor-trailer without endangering the life of the pedestrian, and thereupon swerved to the right in an attempt to go into the ditch, but the left front of plaintiff's automobile collided with the right rear corner of the tractor-trailer.

9. Prior to the collision, the tractor-trailer had traveled from Miami, Florida, and its rear, a portion of which was painted in a dark color blending with the color of the highway, was splattered with

dust and mud, having a tendency to obscure its visibility to motorists approaching from the rear.

10. The place where the collision occurred was on a two-lane, heavily traveled, blacktop highway about 22 feet wide with a 6 foot shoulder on the westerly side and a 4 foot shoulder on the easterly side thereof.

11. The defendant Nagle, as agent, servant and employee of the defendants Atlas Van Lines, Inc. and Starck Van Lines, Inc., while acting within the scope of his employment, was guilty of negligence in stopping the tractor-trailer on the highway, in violation of Section 46–481, Code of Laws of South Carolina, 1952, and Rule 2.15 and Rule 2.22 of the Motor Carrier Safety Regulations of the South Carolina Public Service Commission, promulgated pursuant to Section 58–1461, Code of Laws of South Carolina, 1952; in failing to place a lighted fusee or lighted red electric lantern on the roadway at the traffic side of the tractor-trailer after it came to a stop, in violation of Rule 2.24 and Rule 2.241 of the Motor Carrier Safety Regulations of the South Carolina Public Service Commission, promulgated pursuant to Section 58–1461, Code of Laws of South Carolina, 1952; in failing to place flares on the highway, in violation of Rule 2.242 of the Motor Carrier Safety Regulations of the South Carolina Public Service Commission, promulgated pursuant to Section 58–1461; Code of Laws of South Carolina, 1952; in failing to park the tractor-trailer partially off the traveled portion of the highway, or to take any action to avert injury to plaintiff under all of the circumstances; in failing to move his stopped tractor-trailer off or partially off the highway when he saw the approach of plaintiff's automobile from the rear; in stopping on the traveled portion of the highway when he knew, or should have known, that the vision of motorists proceeding from the rear would be obscured or impaired by the glare of the headlights of Johnson's automobile; and in creating a virtual trap likely to result in injury or death to motorists approaching from his rear.

12. The defendant Claude Lee Johnson was guilty of negligence in leaving his disabled vehicle unattended with the burning headlights thereof angled onto the road and toward traffic coming northward along the highway.

13. The negligence of the defendant Nagle, as the agent, servant and employee of the defendants Atlas Van Lines, Inc. and Starck Van Lines, Inc., and the negligence of the defendant Claude Lee Johnson, constituted the direct, proximate and efficient cause of the collision and the resulting damages to plaintiff.

14. It was stipulated at the trial of the case that the damage to plaintiff's automobile amounted to $2,000, and that plaintiff's recovery, if any, should include this amount as damages.

15. Plaintiff was 27 years of age and a member of the United States Marine Corps at the time of his injuries, and at the time of the trial his life expectancy, according to the Mortality Table was 38.61 years. Plaintiff earned approximately $2,500 per year at the time of his injuries as a Staff Sergeant in the United States Marine Corps, and his earnings would probably have increased by promotion to higher rank and pay longevity if he had continued his military career. In addition, he was furnished food and quarters as a member of the Armed Services. He sustained serious and permanent injuries to his brain resulting in a hemiparesis. He also received serious and permanent injuries to his face, jaws, teeth, eyes, left arm and left leg, requiring hospitalization for a period of approximately eighteen months; resulting in considerable disfigurement to the plaintiff. Prior to his injuries, the plaintiff was a healthy, handsome and strong individual, who won recognition from his superiors for the performance of his duties as a drill instructor.

16. Plaintiff suffered damages on account of his personal injuries in the sum

of $40,000, and damages to his automobile in the sum of $2,000, aggregating the total sum of $42,000.

### Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter of this action.

2. The rights and duties of the parties are governed by the laws of South Carolina, the place where the collision occurred.

3. Section 46–481, Code of Laws of South Carolina, 1952, provides that "Upon a highway outside of a business or residence district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon a paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of such highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway."

4. Rule 2.15 of the Motor Carrier Safety Regulations of the South Carolina Public Service Commission, promulgated pursuant to Section 58–1461, Code of Laws of South Carolina, 1952, provides that "No motor vehicle, except in case of emergency shall be stopped, its speed suddenly decreased, nor its course or direction changed, unless the driver thereof shall have exercised due caution to ascertain that such acts can be performed without endangering other users of the highway."

5. Rule 2.22 of the Motor Carrier Safety Regulations of the South Carolina Public Service Commission, promulgated pursuant to Section 58–1461, Code of Laws of South Carolina, 1952, states that "No motor vehicle shall be stopped, parked, or left standing, whether attended or unattended, upon the traveled portion of any highway outside of a business or residence district, when it is practicable to stop, park, or leave

the motor vehicle off the traveled portion of such highway. When conditions make it impracticable to move the motor vehicle from the traveled portion of the highway, every effort shall be made to leave all possible width of the highway opposite such standing motor vehicle of the free passage of other vehicles, and care taken to provide a clear view of such stopped motor vehicle as far as possible to the front and rear. (See also Rule 2.24)"

6. Rule 2.24, Rule 2.241 and Rule 2.242 of the Motor Carrier Safety Regulations of the South Carolina Public Service Commission, promulgated pursuant to Section 58–1461, Code of Laws of South Carolina, 1952, provide that "Whenever any motor vehicle is stopped upon the traveled portion of the highway or the shoulder next thereto, except within a business or residence district of a municipality, for any cause other than disablement (see Rule 2.23) or necessary traffic stops, the following requirements shall be complied with during the period of such stop:

"Placing of Fusee or Red Electric Lantern.—During the time the lights are required (see Rule 2.25), a lighted fusee or lighted red electric lantern shall be immediately placed on the roadway at the traffic side of the motor vehicle.

"Placing of Flares, Red Electric Lanterns, Or Flags.—If such stop exceeds or is intended to exceed 10 minutes, the placing of flares, red electric lanterns, or flags shall be in the manner prescribed under Rule 2.23."

7. In the recent case of Jeffers v. Hardeman, S.C., 99 S.E.2d 402, the South Carolina Supreme Court stated that "The danger of leaving a vehicle standing on the traveled portion of a highway is well known." And, in Ayers v. Atlantic Greyhound Corp., 208 S.C. 267, 37 S.E.2d 737, it was held that the burden of proving the necessity or excuse of stopping on the main traveled portion of the highway, or the practicability of moving off such portion of the highway, is upon him who makes such stop. To the same effect also, see Howey

**14**

v. Jordan's, Inc., 223 S.C. 71, 74 S.E.2d 216.

8. In Ayers v. Atlantic Greyhound Corp., supra, 208 S.C. 267, 37 S.E.2d 737, 740, the Court stated that "the vision of every night driver is adversely affected by the lights of approaching or still vehicles ahead of him."

9. In the absence of anything to put plaintiff on notice to the contrary, he was entitled to assume that other vehicles on the highway would be operated in accordance with law and with the exercise of due care. Flowers v. South Carolina State Highway Dept., 206 S.C. 454, 34 S.E.2d 769. Plaintiff was traveling at a reasonable rate of speed and in a lawful manner along the highway when the collision occurred. The collision and resulting injuries and damages to the plaintiff were not caused nor contributed to by the negligence of the plaintiff.

10. The defendants here are sued as joint tort-feasors. "In the case of Pendleton v. Columbia Ry., Gas & Electric Co., 133 S.C. 326, at page 331, 131 S.E. 265, at page 267, the Supreme Court of South Carolina said: 'That a single injury, which is the proximate result of the separate and independent acts of negligence of two or more parties, subjects the tort-feasors, even in the absence of community of design or concert of action, to a liability which is both joint and several, is a proposition recognized and approved in this state and supported by the great weight of authority elsewhere.'" Copley v. Stone, D.C., 75 F.Supp. 203, 207.

11. Applying the foregoing principles of law and the Statutes of South Carolina to the facts in this case, I conclude that the collision and the resulting injuries and damages to the plaintiff were caused by the negligence of the defendants.

12. The negligence of the defendants was the direct and proximate cause of the collision and resulting injuries and damages to plaintiff, without which they would not have occurred.

For the foregoing reasons, it is my opinion that the plaintiff is entitled to recover judgment against the defendants for damages for personal injuries in the sum of $40,000, and for damages to his automobile in the sum of $2,000, aggregating the sum of $42,000, and

It is so ordered.