18061

Daniel C. CROWE, Respondent, v. DOMESTIC LOANS, INC., and Lenders, Inc., of West Columbia, of which Domestic Loans, Inc., is, Appellant.

(130 S. E. (2d) 845)

· *Messrs. McLain, Sherrill & Morrisette,* of Columbia, *for Appellant,*

*Messrs. Smith & Drawdy,* of Columbia, *for Respondent,*

*Messrs. McLain, Sherrill & Morrisette,* of Columbia, *for Appellant, in Reply,*

April 26, 1963.

Moss, Justice.

Daniel C. Crowe, the respondent herein, brought this action against Domestic Loans, Inc., the appellant herein, and Lenders, Inc. of West Columbia, to recover damages for alleged wrongful interference with his contractual relation with Eckerd's Drug Stores. The appellant demurred to the complaint on the ground that there was no allegation therein of concerted action by it with Lenders, Inc. of West Columbia, and no allegation showing that the independent acts combined and concurred in causing injury to the respondent. The Trial Judge overruled the demurrer of the appellant and this appeal followed. The sole question for determination is whether there was error on the part of the Trial Judge in overruling the demurrer of the appellant.

The respondent, by his complaint, alleges that on December 15, 1961, he entered into an employment contract with Eckerd's Drug Stores as a drug clerk. He also alleges that he was indebted to the appellant and Lenders, Inc. of West Columbia, and was unable to discharge his indebtedness to these two firms and was in arrears in the payment of said indebtedness. It is then alleged that the appellant and Lenders, Inc. of West Columbia, through their agents and employees, began to call him by telephone and, contemporaneously therewith, to call his manager and supervisor about his indebtedness and such calls continued over a period of weeks, and as a result and because of such calls to respondent's manager and supervisor, he was, on March 22, 1962, discharged from his employment, the manager stating that his discharge was caused by these telephone

calls. It is then alleged that the acts of the appellant and Lenders, Inc. of West Columbia, acting through their agents and employeees, were a willful and malicious interference with respondent's contract of employment with Eckerd's Drug Stores and caused a breach of his contract with his employer. It is then alleged that as a direct and proximate result of the willful, malicious and unwarranted acts of the appellant and Lenders, Inc. of West Columbia combining, concurring and uniting, the respondent suffered the loss of his employment.

It is elementary that in passing upon a demurrer, the Court is limited to a consideration of the pleadings under attack, all of the factual allegations whereof that are properly pleaded are for the purpose of such consideration deemed admitted. When a fact is well pleaded, whatever inference of law or conclusions of fact that may properly arise therefrom are to be regarded as embraced in such averment. *Warr v. Carolina Power & Light Co.,* 237 S. C. 121, 115 S. E. (2d) 799.

The case of *Smith v. Citizens and Southern National Bank of South Carolina, et al.,* 241 S. C. 285, 128 S. E. (2d) 112, was one in which the plaintiff brought an action for damages, asserting that the bank tortuously interferred with his contractual relations with a third party. In the cited case, we said:

"It is now settled in this State that 'parties to a contract have a property right therein, which a third person has no more right maliciously to deprive them of, or injure them in, than he would have to injure their property. Such an injury, without sufficient justification, amounts to a tort for which the injured party may seek compensation by an action in tort for damages.' *Chitwood v. McMillan,* 189 S. C. 262, 1 S. E. (2d) 162, 163. It is upon the foregoing principles that the present action is based.

"However, in order to constitute actionable interference with a contract, it must appear that the act complained of

was the proximate cause of the injury or damage. 30 Am. Jur., Interference, Sections 28 and 29; Annos.: 84 A. L. R. 51 and 26 A. L. R. (2d) 1249."

The foregoing doctrine had its genesis in the early English case of *Lumley v. Gye,* 2 El. & Bl., 216, 118 Eng. Rep. 749, where it was held that malicious interference by a third person, inducing the breach of a contract for personal services is actionable.

The complaint, in this case, asserts that the respondent was employed as a drug clerk by Eckerd's Drug Stores under a valid employment contract, and that the appellant and Lenders, Inc. of West Columbia induced a breach thereof by the facts heretofore recited and which the respondent characterizes as willful, malicious and unwarranted, and alleges that their acts combined, concurred and united in bringing about such discharge.

It is the position of the appellant that the complaint alleges the commission of independent acts by it and Lenders, Inc. of West Columbia, and since there is no allegation therein of concerted action by both and no showing that the independent acts combined and concurred in causing any injury or damage to the respondent, they cannot be joined as parties in one action.

The complaint alleges that the respondent received a single injury with resulting damage, such being the loss of employment, which was proximately caused by the independent acts of the appellant and Lenders, Inc. of West Columbia.

In 39 Am. Jur., Parties, Section 40, at page 910, it is said:

"* * * As has been aptly expressed, where one has received an actionable injury at the hands of two or more persons acting in concert or acting independently of each other, if their acts unite in causing a single injury all of the wrongdoers are severally liable to the person injured for the full amount of damages occasioned thereby, and he may

enforce his claim therefor in an action against all of them jointly, any one of them severally, or any number of them less than the whole. * * *"

We think that the rule announced by this Court in *Pendleton v. Columbia Railway, Gas & Electric Co., et al.,* 133 S. C. 326, 131 S. E. 265, and quoted with approval in *Hollifield v. Keller, et al.,* 238 S. C. 584, 121 S. E. (2d) 213, is applicable to the instant case, and we quote the following therefrom:

"That a single injury, which is the proximate result of the separate and independent acts of negligence of two or more parties, subjects the tort-feasors, even in the absence of community of design or concert of action, to a liability which is both joint and several, is a proposition recognized and approved in this state and supported by the great weight of authority elsewhere. *Matthews v. [Seaboard Air Line] Railway,* 67 S. C. 499, 514, 46 S. E. 335, 65 L. R. A. 286; *Steele v. [Atlantic Coast Line] Railroad Co.,* 95 S. C. 124, 126, 78 S. E. 705; Cooley on Torts (3d Ed.) p. 246; 38 Cyc. 488. Since the liability of such tort-feasors is both joint and several, it is well settled that the law gives to the injured party the option of suing two or more of the parties liable jointly; that is, as defendants in one action, or of suing each upon his several liability in a separate action. And since the injured party's right to join two or more alleged tort-feasors in one action may be sustained only upon the theory of joint liability, when a plaintiff joins two or more alleged wrongdoers as parties defendant in one action, such joinder in itself necessarily implies that he has elected to treat his injury as a joint tort, and to recover upon the theory of joint liability. * * *"

We think that the Trial Judge properly overruled the demurrer interposed by the appellant.

The exception of the appellant is overruled and the order of the lower Court is affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.