Erma T. SIMMONS, Plaintiff,

v.

D. T. FENTERS and Don S. Fenters, tdb/a D. T. Fenters Used Cars, and Jack Leon Marsh, Defendants.

Civ. A. No. 7519.

United States District Court
E. D. South Carolina,
Florence Division.

Sept. 18, 1964.

George W. Keels, Florence, S. C., for plaintiff.

James E. O'Shields, Hemingway, S. C., for defendants.

SIMONS, District Judge.

This is an action for personal injuries and property damages suffered by the plaintiff as a result of the careless, reckless, wilful, negligent, and wanton operation of a Chevrolet pickup truck driven by the defendant, Jack Leon Marsh. The complaint alleges that the defendant, Jack Leon Marsh, made an improper left turn on a State Highway, without giving any signal, directly into the path of an oncoming Dodge automobile driven by one Jimmy Williams, causing the said Dodge automobile to collide with the Chevrolet

pickup truck driven by defendant Marsh, and then to collide with plaintiff's automobile badly damaging it, and causing plaintiff to suffer serious and painful permanent injuries, and causing her to incur hospitalization and doctor's bills. She asks for $50,000 actual and punitive damages.

In his answer, the defendant Marsh pleads a general denial; and for a second defense alleges that, even if said defendant were negligent or reckless, which he specifically denied, the contributory negligence and recklessness of the plaintiff combined and concurred with the negligence and recklessness of said Jimmy Williams and the said defendant, and was a proximate and contributing cause to any damages suffered by the plaintiff.

At the beginning of the trial the plaintiff moved for an involuntary non-suit as to the defendants, D. T. Fenters and Don S. Fenters, tdb/a D. T. Fenters Used Cars. Without objection the motion was granted and said defendants were eliminated from the case.

The case was heard before me at Florence, S. C. without a jury pursuant to Rule 39 [b] of the Federal Rules of Civil Procedure on August 3, 1964. I find the facts specially and state my conclusions of law thereon, in accordance with Rule 52 [a] of the Federal Rules of Civil Procedure, as follows:

## FINDINGS OF FACT

1. Plaintiff, an attractive widow of 65 years of age, was driving her 1961 automobile in a northerly direction on State Highway 41 at a point approximately two-tenths of a mile North of Hemingway, S. C., on April 12, 1961, at approximately 7:15 p. m. She was traveling about three car lengths behind the 1951 Chevrolet pickup being driven by the defendant, Jack Leon Marsh, who was also traveling in a northerly direction. They had just gone from a 35 m. p. h. zone into a 55 m. p. h. zone. As they proceeded along they were meeting an oncoming car that had its headlights on. Plaintiff intended to pass the Chevrolet pickup when the road was clear.

2. Just as the oncoming car approached the Chevrolet pickup truck, defendant Marsh turned to his left to enter a private roadway without giving a proper left turn signal, directly into the path of the oncoming Dodge driven by said Jimmy Williams. Marsh had seen the Dodge approaching from the opposite direction, but, by his own admission, he thought he could make the turn safely. He further admitted on cross examination that he had given a left hand turn signal for only about twenty feet before he began his left turn. The investigating officer, State Highway Patrolman E. L. Long, testified that the defendant told him he had misjudged the turn.

3. Jimmy Williams, on the date of the accident, was driving a Dodge automobile on State Highway 41 going in a southerly direction toward Hemingway, S. C. He was accompanied by Elizabeth E. Stone. His speed was 50–55 m. p. h. on a wet and slippery highway. It was dark at the time and headlights were needed. He was driving too fast for conditions [1], and when he "hit his brakes" and "turned the wheel" in an effort to avoid colliding with the Marsh truck, he was unable to stop in time to avoid the collision.

4. The Dodge automobile driven by Williams skidded into defendant's truck striking it on its right side, then careened off and struck plaintiff's Oldsmobile in front. Plaintiff's car was damaged in the amount of Eight Hundred Fifty-eight and 20/100 ($858.20) Dollars.

5. As a result of her personal injuries received in the collision, plaintiff was caused to expend a total of $297.34 in doctor's, hospital, and medical bills.

6. In the collision, plaintiff was thrown into the steering wheel and suffered a laceration of her upper lip which

[1]. Highway Patrolman, E. L. Long, who investigated the accident, testified that Williams' admitted speed of 50–55 m. p. h. under the existing conditions was not a safe speed.

caused it to swell; some of her lower front teeth were knocked loose; the fibers of her left biceps muscle were torn. She received abrasions and contusions over a large part of her body and was caused to suffer severe and excruciating pain for several weeks. According to the undisputed medical testimony, she has reached her maximum recovery. She still has an inconspicuous scar on her lip. She has a permanent limitation in motion of her left elbow, due to the scar tissue which has formed in her left biceps. The range of motion in her left arm as to straightening is from 60° to 120°. The grip in her left hand is slightly impaired, and she experiences some pain upon heavy use of her left arm, and is unable to do all of her housework.

7. At age 65, her life expectancy under the S. C. Mortuary table is 11.55 years. Section 26–12 of 1952 S. C. Code of Laws.

8. The plaintiff, Jimmy Williams, and his passenger, Elizabeth Stone, were all in a position to see defendant's arm signal for a left turn, if it had been given. None of them saw defendant give such a signal. His truck did not have a mechanical blinker light.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and the subject matter of this action.

2. The rights and duties of the parties are governed by the laws of the State of South Carolina, the place where the collision occurred.

3. The defendant Jack Leon Marsh was guilty of actionable negligence upon the occasion in question in the operation of the Chevrolet pickup truck in that he attempted to make a sudden left hand turn from a state highway into a private driveway in the path of an oncoming car, when such turn could not be made with reasonable safety, and without his giving an appropriate signal as required by S. C. law, in violation of Sections 46–405[2] and 46–406[3] of the Code of Laws for South Carolina for 1952. Defendant was also guilty of common law negligence in that he failed to exercise due care in the operation of said pickup truck.

4. Defendant's violation of Sections 46–405 and 46–406, supra, constituted negligence per se or negligence as a matter of law. West v. Sowell, 237 S.C. 641, 118 S.E.2d 692; Field v. Gregory, 230 S.C. 39, 94 S.E.2d 15; Chapman v. Associated Transport, Inc., 218 S.C. 554, 63 S.E.2d 465.

5. Defendant's negligence in the operation of the pickup truck was a proximate and contributing cause of the collision and the resulting injuries and damages suffered by plaintiff, without which the same would not have occurred.

6. Jimmy Williams was guilty of negligence on the occasion in question in the operation of his Dodge automobile in that he was driving too fast for the conditions then and there existing in violation of Sections 46–361[4] and 46–363[5] of the Code of Laws of South Carolina

---

2. § 46–405 of the Code of Laws for South Carolina for 1952 provided: "General rule for turning movements.—No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon a roadway as required in §§ 46–402 and 46–403 or turn a vehicle to enter a private road or roadway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety."

3. § 46–406 of the Code of Laws for South Carolina for 1952 provided: "Signals required for turning or stopping.— No person shall turn any vehicle with

out giving an appropriate signal in the manner herein provided in the event any other traffic may be affected by such movement. *A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning."* [Emphasis added.]

4. "§ 46–361. General rule.—No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event

for 1952; and such negligence was a concurring and contributing proximate cause of the collision and resulting injuries and damages to the plaintiff.

■■ 7. Generally, the causative violation of applicable traffic statutes is some evidence of recklessness, wilfulness and wantonness. Lumpkin v. Mankin, 136 S.C. 506, 134 S.E. 503; Ralls v. Saleeby, 178 S.C. 431, 182 S.E. 750; Vernon v. Atlantic Coast Line Railroad Co., 221 S.C. 376, 70 S.E.2d 862. However, under the circumstances of this case, especially considering the concurrent negligence of the said Jimmy Williams in the operation of his Dodge automobile, I find that the defendant Marsh was not guilty of any actionable recklessness, wilfulness or wantonness, so as to justify the award of punitive damages.

■■ 8. The plaintiff was not guilty of any acts of contributory negligence or recklessness in the operation of her automobile upon the occasion in question, which contributed in any manner as a proximate cause of the collision and her resulting injuries and damages.

9. Plaintiff, who has elected to bring suit against only one joint tort-feasor, the defendant Marsh, is entitled to judgment against such defendant for her said injuries and damages, without joining the other joint tort-feasor, Jimmy Williams, since the liability of such joint tort-feasors are both *joint* and *several*. Pendleton v. Columbia Ry. Gas and Electric Co., et al., 133 S.C. 326, 131 S.E. 265. At page 331 of 133 S.C., at page 267 of 131 S.E. the court said:

"That a single injury, which is the proximate result of the separate and independent acts of negligence of two or more parties, subjects the

tort-feasors, even in the absence of community of design or concert of action, to a liability which is both joint and several, is a proposition recognized and approved in this State and supported by the great weight of authority elsewhere. Matthews v. Railway, 67 S.C. 499, 514, 46 S.E. 335, 65 L.R.A. 286; Steele v. [Atlantic Coast Line] Railroad Co., 95 S.C. 124, 126, 78 S.E. 705. Cooley on Torts (3d Ed.) p. 246; 38 Cyc. 488. Since the liability of such tort-feasors is both joint and several, it is well settled that the law gives to the injured party the option of suing two or more of the parties liable jointly; that is, as defendants in one action, or of suing each upon his several liability in a separate action. * * *"

In 39 Am.Jur., Parties, Section 40, at page 910, it is said:

"* * * As has been aptly expressed, where one has received an actionable injury at the hands of two or more persons acting in concert or acting independently of each other, if their acts unite in causing a single injury all of the wrongdoers are severally liable to the person injured for the full amount of damages occasioned thereby, and he may enforce his claim therefor in an action against all of them jointly, any one of them severally, or any number of them less than the whole. * * *"

Crowe v. Domestic Loans, Inc., [1963] 242 S.C. 310, 130 S.E.2d 845; Hollifield v. Keller [1961], 238 S.C. 584, 121 S.E. 2d 213. Johns, et al. v. Castles, 229 S.C. 51, 91 S.E.2d 721.

speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

5. "§ 46–363. When lower speeds required. —The driver of every vehicle shall, consistent with the requirements of § 46–

361, drive at an appropriate reduced speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when any special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions."

For the foregoing reasons, it is my opinion that the plaintiff is entitled to recover judgment from the defendant, Jack Leon Marsh, in the sum of Six Thousand and 00/100 ($6,000.00) Dollars as actual damages for personal injuries, and Eight Hundred Fifty-eight and 20/100 [$858.20] Dollars as actual property damages, aggregating the sum of Six Thousand, Eight Hundred Fifty-eight and 20/100 [$6,858.20] Dollars.

It is so ordered.