7910

ROBINSON v. TOWN OF SAINT MATTHEWS.

1. CITIES AND TOWNS—STREETS.—One driving into a ditch dug in a street by the municipal authorities and not lighted may recover of the town for his injuries caused thereby.

2. IBID.—DAMAGES.—MENTAL PAIN AND SUFFERING connected directly with physical injury constitute a part of the physical injury for which compensatory damages may be awarded against a municipality.

Before SEASE, J., Calhoun, May term, 1910. Affirmed.

Action by Wesley Robinson against the Town of St. Matthews. Defendant appeals.

*Mr. M. M. Mann,* for appellant, cites: *No liability rests where the defect is an error of judgment:* 28 Cyc. 1285-6, 1228. *No liability for mental pain in such case:* 40 S. C. 342; 70 S. C. 137.

*Messrs. J. C. Hiott* and *J. M. Walker. Mr. Hiott* cites: *Work should have been lighted:* 28 Cyc. 1284. *Plaintiff*

*may recover for mental suffering connected with physical injury:* 53 Vt. 183.

May 11, 1911.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   This action was brought under section 2023, vol. I, Code of Laws, for damages for personal injuries alleged to have been sustained by plaintiff as the result of the neglect and mismanagement of the defendant in not keeping the streets of the town in good repair and in not providing lights at a certain church within the corporate limits.   The jury awarded a verdict to the plaintiff in the sum of one hundred dollars.

Appellant's exceptions to the judgment rendered are upon two grounds:

First.   Error in failing to charge defendant's fourth request as follows: "It is discretionary with a municipality as to the erection and placing of permanent lights, hydrants and like structures, and it is no negligence on the part of a municipality to place lights in some parts of a town and not place them in others, if in the discretion of the municipality, they do not deem it wise or expedient to erect or establish such lights."   It appears that the Court overlooked the request to charge as it was handed to him on a sheet of paper detached from other sheets containing requests which were considered.   But the request did not contain a sound proposition of law applicable to the case, and hence there was no error or harm in overlooking it.   Under section 2023, a municipality is liable for an injury through a defect in any street occasioned by its neglect or mismanagement.   The delict alleged was in digging a ditch along one of the principal streets of the town to a depth dangerous to ordinary travel and leaving the same uncovered and unlighted, which caused plaintiff on a dark night to drive therein to his injury although he was exercising due care. The case as presented was not a mere failure to establish a

permanent light for the benefit of the citizens, but a defect in the street as a result of neglect or mismanagement under the peculiar circumstances.    Hence the test of liability could not depend upon whether the municipal authorities deemed it wise or expedient to guard the exposed ditch with a light; but the test was whether the uncovered and unlighted ditch was a defect in the street resulting from defendant's neglect or mismanagement.

Second. The Court charged the jury: "If you find that the plaintiff is entitled to recover, you have the right to take into consideration his loss of time, his physical and mental pain and suffering, and that which he is reasonably certain to endure in the future, if any, his expenditures as a result of the injury sustained, if any, the injury to his health, if you find those things to exist as a matter of fact."

Appellant contends that it was error to allow the jury to take mental pain and suffering into consideration in estimating damages.    Mental pain and suffering connected directly with physical injury constitute a part of the physical injury for which compensatory damages may be allowed.    *Mack* v. *South Bound R. R. Co.,* 52 S. C. 332, 29 S. E., 905 ; 40 L. R. A. 679.

The judgment of the Circuit Court is affirmed.