13088

WALSH v. DAWSON ENGINEERING CO. *ET AL.*

(157 S. E., 447)

426

October, 1930.

*Mr. Lionel K. Legge,* for appellant,

*Messrs. A. R. McGowan* and *William D. McGowan,* for respondents,

March 9, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The plaintiff brought her action to recover damages for personal injuries which, it is alleged, she sustained through the acts of negligence and recklessness of the defendants, their agents, servants, and employees. A summary of the allegations of the pleadings may be thus stated: The complaint alleges the corporate capacity of the defendant Dawson Engineering Company, and the corporate municipal capacity of the defendant the city council of Charleston; the

duty of the defendant municipal corporation to keep the streets of the city in reasonably safe condition for use; and to keep a proper supervision of the instrumentalities under its management and control in use in and about the streets; that defendant, Dawson Engineering Company, with the permission of the defendant the city council, was engaged in erecting or renovating a building, or buildings, at the corner of King and Radcliffe streets; that in its work in connection therewith the engineering company had erected a barricade across the sidewalk, which made it necessary for those passing that place to go into the street; that, at the point of the barricade, a man was at work in the street, excavating cement and paving, which was piled about in the street; that as plaintiff stepped from the sidewalk into the street she fell over this débris, and fractured her leg; that certain débris, crushed stone, and lumber were permitted to remain in the street; that the defendants failed to have a safe walking way around the building; that they failed to remove débris from the street after they were notified that it was liable to injure persons using the street; that they failed to place a barricade around the dangerous and defective part of a much-used street. There follows the allegations in cases of this nature of the pain and suffering of plaintiff, permanent injury, mental anguish, expense, and loss of time. The demand is for damages in the sum of $5,000.00.

The answer of the appellant, the City Council of Charleston, which alone need be noticed here, since it alone is appealing, admits the corporate capacity of the defendants, and denies all the other allegations of the complaint.

Upon the issues, thus joined, the case came to trial before his Honor, Judge Johnson, and a jury, at the October, 1930, term of the Court of Common Pleas for Charleston County. At the close of the testimony for the plaintiff, counsel for the defendant the City Council of Charleston moved for nonsuit, on the grounds that:

(1) There was no evidence of actionable negligence on the part of this defendant.

(2) The only reasonable inference from the plaintiff's testimony was that plaintiff herself had negligently brought about or contributed to her injury.

The motion was refused. At the close of all the testimony the defendant the City Council of Charleston moved for a directed verdict in its favor on the grounds that:

(1) There was no evidence of actionable negligence on the part of said defendant.

(2) The only reasonable inference from all the testimony was that the plaintiff had negligently brought about her injury, or contributed thereto.

(3) That if there was any evidence that plaintiff's injuries had been caused by negligence on the part of any one, other than herself, the uncontradicted evidence showed that such negligence could only be attributed to a servant of an independent contractor, for whose negligence said defendant could not be held responsible.

This motion was refused, and the case went to the jury, who returned a verdict for plaintiff against the City Council of Charleston in the sum of $500, actual damages; and against the Dawson Engineering Company in the sum of $500, punitive damages.

From the judgment entered on this verdict, the defendant, the City Council of Charleston, alone, appeals.

There are five exceptions, but they embrace only the grounds embodied in the motions for nonsuit and directed verdict, and need not, therefore, be considered seriatim. Indeed, appellant's attorney states in his argument:

"The following are the questions involved in this appeal:

"1. Was there any evidence from which actionable negligence could be inferred?

"2. Did not the whole evidence show, beyond any other reasonable inference, that the plaintiff herself had been guilty

of negligence which brought about or contributed to her injury?"

In answer to the first question it is sufficient to say that there was testimony which tended to show that the street was obstructed by the engineering company with the permission of the city council; that it had erected a barricade across the sidewalk which forced pedestrians to go into the street in order to pass this point; that a man was at work in the street making an excavation of cement and pavement, which he piled in the street, and over which plaintiff fell, and sustained injury. Was there negligence on the part of the city council? The action is brought under the provisions of Section 4478, Civil Code, 1922, Volume 3, which are to the effect that a municipal corporation is liable in damages for injuries to person or property which are caused through any defect in any street, or by reason of any defect or mismanagement of anything under the control of the corporation, etc.

The duty is on the municipal corporation to keep its streets reasonably safe for use by those entitled thereto. There was here divergent testimony on the issue whether in this instance it performed that duty. The trial Judge had no alternative but to send the case to the jury on that point.

It is argued that the evidence shows that the plaintiff brought about, or contributed to, her own injury, and that that is the only reasonable inference which can be deduced from the evidence. Presumably stress is laid upon the fact that the plaintiff testified that as she stepped off of the sidewalk into the street, where the excavation was being done, and the débris therefrom was thrown, she looked up at the building where the work of renovation was going on. Defendant's counsel argues that this was negligence which was the cause of, or contributed to, her injury. That is not the only inference to be deduced from this testimony. It was proper for the jury to say whether the act of plaintiff in looking up at the building was an act of negligence,

or was the careful act of a person of ordinary prudence, with an eye to her safety, while passing a building undergoing repairs, from which material might be thrown, or might fall on her.

It was not error to submit this issue to the jury.

Especial stress is laid upon the point that the evidence indisputably shows that the person who was doing the excavation in the street was the servant of an independent contractor, for whose acts the defendant the City of Charleston was not responsible. We do not concur in the view of the evidence that testimony is conclusive to the effect that the man so employed was the servant of an independent contractor. The evidence in that respect was decidedly contradictory, and made an issue for the jury to decide. But if it were conceded that such employee was the servant of an independent contractor, the fact remains that the city council was not thereby relieved of its primary obligation to see that its streets are kept safe for traffic. It would be dangerous to establish the doctrine that a municipal corporation could turn over its streets to an independent contractor to be used as he pleased, with no supervision by the city, and, when rendered unsafe for use by the independent contractor, relieve itself of liability behind the plea that the act complained of was the act of the contractor. Its duty remains to see that the contractor, in the pursuit of the purpose for which he has been granted the right to use the street, takes proper precautions for the protection of the public.

We find no error in the judgment below.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.