No. 32,518

MARJORIE O. RAKESTRAW, *Appellee*, v. STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, ED REED and DON WHEELOCK, doing business as REED & WHEELOCK, *Appellants*.

Opinion filed January 25, 1936.

*Wint Smith, Otho W. Lomax,* both of Topeka, *P. E. Nulton.* and *R. L. Letton,* both of Pittsburg, for the appellants.

*C. O. Pingry* and *Carl Pingry,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal presents for review a ruling of the trial court on a question of misjoinder in an action to recover damages for injuries sustained on or adjacent to a public highway.

The pertinent facts were these: In Crawford county there is a public road which runs east and west, and which is designated U. S. highway No. 160 and also as state highway No. 12. About two miles west of Pittsburg it is intersected by county highway No. 8, which runs north and south. At the southwest corner of this intersection there is a filling station. Patrons enter the premises of the filling station by a driveway from the north and drive out on the east, or vice versa.

Sometime prior to July 15, 1933, the defendant state highway commission let a contract to their codefendant, Reed & Wheelock, partners, for the improvement of this federal and state highway, part of the work being the creation of a ditch on the south side of the road. This ditch was about 1½ feet wide and 2 feet deep, and it cut across the driveway into the filling station.

About 9 p. m. on July 15, 1933, plaintiff was a passenger in the rumble seat of a coupé driven by one Borbort. He drove his car into the filling station from the county road on the east, and passed out over the driveway towards the north. His car ran into the ditch constructed on the south side of the federal and state highway and plaintiff sustained injuries.

In her petition she alleged negligence and breach of statutory duty as follows:

"That there were no lights, signals or barriers of any kind or description on or about said ditch and nothing to warn travelers, more particularly this plaintiff, going into or coming out of said filling station of the presence of said ditch; that the said defendants were careless and negligent in causing said ditch to be dug across said driveway and failing to erect signals or barriers of any kind or description to warn travelers of the presence of said ditch; that the presence of said ditch was, and the lack of warning signs was a defective and dangerous condition in said United States highway No. 160 and Kansas state highway No. 12; that the director of highways, the state highway engineer, and the foreman, patrolman, and other employees of the state highway commission having charge of the construction, maintenance and upkeep of said highway, had knowledge and notice of each and all of the aforesaid defects more than five (5) days prior to the 15th day of July, 1933."

Elsewhere in her petition plaintiff characterized the construction of the ditch as a "defective condition of said highway."

The two defendants lodged separate demurrers against the petition, principally on the ground that several causes of action were improperly joined. These demurrers were overruled, and the defendants appeal.

At the onset the defendants remind us that they do not at this

time question the sufficiency of the petition to state a cause of action. Their only contention is that error inheres in the trial court's ruling on the question of misjoinder of causes of action.

Assuming then, but not deciding, that a roadside ditch is a defect in the highway within the meaning of the statute, the duty of the state highway commission pertaining thereto was prescribed by statute, the pertinent substance of which is that any person who without contributing negligence sustains damage by reason of a defect in a state highway may recover damage against the state if it is also shown that any responsible officer or employee in charge of the construction or maintenance of the highway had five days' notice of the defect prior to the time the damage was suffered. (R. S. 1933 Supp. 68-419.)

It should be apparent that the liability of the defendant commission is statutory. It is not a common-law liability. Actual negligence of the defendant commission or of its responsible employee may appear in the alleged facts which constitute the cause of action stated against the commission, but negligence is not an essential element of the action which the statute creates against the commission.

On the other hand, the liability which plaintiff seeks to fasten on the defendant partners is based on their alleged negligence—that they were negligent in causing the ditch to be dug across the driveway into and out of the filling station and in failing to erect signals or barriers to warn travelers of the presence of the ditch. Counsel for appellee correctly remind us that all tortious acts for which an action will lie are not necessarily based on negligence; but plaintiff predicates this action against the defendant contractors on that ground.

In *Elliott v. State Highway Comm.*, 138 Kan. 738, 28 P. 2d 960, cited by appellee, the state highway commission and a private corporation were joined as defendants in an action to subject them to liability where the liability of the one was based on the existence of a chuck hole in the highway and where the liability of the other was based on its maintenance of an exposed pipe line near by. Conceding that the cited case was analogous to the one at bar, no question of misjoinder was raised or decided. (R. S. 60-707; *Hurd v. Simpson,* 47 Kan. 372, 27 Pac. 961; *Minch v. Winters,* 122 Kan. 533, 540, 253 Pac. 578.)

Appellee also cites the case of *McDaniel v. City of Cherryvale,* 91 Kan. 40, 136 Pac. 899, where the action was founded on a tort

committed by the concurrent wrongdoing of the city and an oil company, which resulted in the pollution of a stream. But the city's liability was not based on breach of a statute, as in the case we are now considering.

This court has often said that the liability of the state, its counties and townships, for damages caused by a defect in a public road, is not founded on negligence but is based specifically and exclusively on the governing statute. (*Arnold v. Coffey County Comm'rs*, 131 Kan. 343, 345, 291 Pac. 762, and citations; *Douglas v. State Highway Comm.*, 142 Kan. 222, 46 P. 2d 890, and citations.)

It seems to us that the pertinent code provisions make it comparatively simple to determine the present question of misjoinder. Those read:

"The plaintiff may unite several causes of action in the same petition. . . . But the causes of action so united must affect all the parties to the action . . ." (R. S. 60-601.)

"The defendant may demur to the petition . . . when it appears on its face . . . that several causes of action are improperly joined." (R. S. 60-705.)

In view of these simple procedural rules of practice it must be apparent that plaintiff's action against the highway commission for alleged breach of statutory duty and her action against the defendant partners for common-law negligence were improperly joined. In Bliss on Code Pleading, 2d ed., § 83, it is said:

"Persons are not jointly liable for a tort merely because they may have some connection with it, even if it may give a several cause of action against them. There must be a coöperation in fact; 'there must be some community in the wrongdoing among the parties who are to be united as codefendants; the injury must be in some sense their joint work.' Thus, a joint action will not lie against the separate owners of dogs who together have worried the plaintiff's sheep; each owner is responsible only for the acts of his own dog. A subsequent assent will not make one a cotrespasser unless it was committed for his use, for there was no connection between the parties at the time of the trespass. It is held that where one owns a city lot, and has dug a hole, into which the plaintiff fell, the latter cannot unite the owner of the lot for digging and leaving open the hole and the city for neglect in respect to its streets, for there was no community in the wrong."

See, also, 1 C. J. 1069, 1070, 1072, 1073, 1075; 1 R. C. L. 367, 368; 1 R. C. L. Perm. Supp. 96.

The judgment is reversed, and the cause remanded with instructions to sustain defendants' separate demurrers on the ground of misjoinder and for further proceedings not inconsistent herewith.