17307

NONA CLARKE, Respondent, v. CITY OF GREER and REED & ABEE, INC., Appellants

(98 S. E. (2d) 751)

*Messrs. Ansel M. Hawkins,* of Greer, and *Benj. A. Bolt,* of Greenville, *for Appellants,*

*J. Robert Martin, Sr., Esq.,* of Greenville, *for Respondent,*

June 11, 1957.

OXNER, Justice.

This action was brought against the City of Greer and Reed & Abee, Inc., a general contractor, to recover damages for unlawfully entering upon plaintiff's fifty-acre tract of land near the City of Greer and laying sewer lines through said property. The complaint contains two causes of action separately stated. The first charges an unlawful entry upon and taking of plaintiff's property by the City of Greer and the second alleges a trespass by the contractor. Actual damages are sought against the city and both actual and punitive damages against the contractor. The defendants interposed a demurrer to the complaint upon the grounds (1) that the two causes of action are improperly joined in the complaint, and (2) that the plaintiff's remedy, if any, is solely under the condemnation statutes. The case is here on appeal by defendants from an order overruling the demurrer.

In the first cause of action it is alleged that during 1954 the city, without first making just compensation and over plaintiff's protest, unlawfully authorized and directed its agent and contractor to enter upon and lay sewer lines across her property and in doing so, "cut down and destroyed valuable forest thereon, tore up and destroyed pasture lands and crops, tore down and destroyed terraces, blasted and hauled away valuable rock and scattered crushed rock over her lands and destroyed her timbers by infestation of worms from cut unremoved timbers." It is further alleged that the laying of said sewer lines "forever precludes plaintiff from the privilege of crossing from side to side of her farm and renders the land of plaintiff subject to the hazards of disease and disagreeable odors which in the natural course of events will emanate from said sewer line and forever deprives plaintiff of the unrestricted, free

full use and enjoyment of her property and property rights." It is then stated that the City of Greer "is liable in actual damages for all the injuries and the taking and destruction of property under the fundamental laws of the State of South Carolina as guaranteed by its Constitution."

In the second cause of action it is alleged that the contractor, Reed & Abee, Inc., over plaintiff's protest, unlawfully invaded her property and constructed sewer lines across same, with full knowledge that the City of Greer had not exercised any right of condemnation and was without authority to authorize anyone to enter upon her property. The damage to the real estate is set out in substantially the same manner as in the first cause of action. It is further alleged that the acts of Reed & Abee, Inc., "were perpetrated in a negligent, high-handed, heedless, wanton and reckless manner to plaintiff's irreparable injury and damage."

The prayer of the complaint is for judgment against the defendants in the sum of $25,000.00.

It is stated in the record that some time prior to the commencement of this action thhe City of Greer sought to acquire by condemnation under Sections 59-203 and 59-204 of the 1952 Code a right of way across the property of the plaintiff. From the award of the condemnation board plaintiff appealed to the Court of Common Pleas for Greenville County. When the case was called for trial in April, 1955, it came to the attention of the Court that the Code sections under which the condemnation proceedings were instituted had been repealed, a fact which had been overlooked by counsel for the City of Greer. On motion of the city, that proceeding was discontinued for lack of jurisdiction. On June 3, 1955, a second condemnation proceeding was instituted by the City of Greer under the prevailing statutes (Section 25-161 et seq. of the 1952 Code Supplement). From the award by the condemnation board, plaintiff, specifically reserving all of her rights, again appealed to the Court of Common Pleas. The second con-

demnation proceeding is now pending in that Court. On June 11, 1955, this action was commenced. In the original complaint the two causes of action were jumbled. Later an amended complaint was served in which they were separately stated.

The only question we need consider is whether the two causes of action may be joined in the same complaint. Section 10-701 of the 1952 Code permits the plaintiff to unite in the same complaint several causes of action when they arise out of the same transaction, but the causes of action so united must, except in actions for foreclosure of mortgages, "affect all the parties to the action." Assuming that both of the causes of action here arise out of the same transaction, there remains the crucial question of whether each affects both parties defendant.

"As a general rule, in order to authorize a joinder, the causes must affect the different defendants in such manner as to create a joint or common liability or the defendants must have a joint or common interest." 1 C. J. S. Actions § 98, p. 1287.

It is clear that a common law action *ex delicto* could not be maintained against the City of Greer for the alleged wrongful acts set out in the complaint. "It has been settled by a long line of decisions in this court that an action for damages for tort will not lie against a municipal corporation, unless the corporation is made liable by statute, because such corporation is merely an agent of the state for governmental purposes." *Parish v. Town of Yorkville,* 96 S. C. 24, 79 S. E. 635, 636, L. R. A. 1915A, 282. We have no statute authorizing a common law action for tort against a municipality in a case of this kind. However, Article I, Section 17 of the Constitution, which provides that private property shall not be taken "for public use without just compensation being first made therefor", is self-executing, and may, without enabling legislation, be invoked by an individual whose property has been taken for public use.

Plaintiff claims that the City of Greer without first making a lawful condemnation and against her consent, tortiously entered upon her property and laid sewer lines across it, causing great damage. But, as pointed out in *Smith v. City of Greenville*, 229 S. C. 252, 92 S. E. (2d) 639, 644, "whether the landowner's compensation be ascertained in a condemnation proceeding instituted by the municipality, or in an action brought against the municipality because of the taking, it is still referable to Article I, § 17, and the appropriate statute prescribing the measure of 'just compensation' thereunder" Indeed, it is properly conceded in the excellent brief filed by plaintiff that the first cause of action is based upon an alleged taking of plaintiff's property for public use without just compensation. Although the city may have entered as a trespasser, it may not be ejected as an ordinary trespasser. Having the right to take plaintiff's property under condemnation, it may retain possession upon payment of due compensation to her for the taking. *Cayce Land Co. v. Southern Railway Co.*, 111 S. C. 115, 96 S. E. 725; *Belton v. Wateree Power Co.*, 123 S. C. 291, 115 S. E. 587.

The second cause of action is entirely different. It is not based on a statute or the Constitution but is solely a common law action in tort for an alleged trespass. The nature and measure of damages recoverable in the two actions are different. While punitive damages may be recovered for willful trespass of an individual, they are not recoverable against a municipality. *Webber v. Town of Jonesville*, 94 S. C. 189, 77 S. E. 857. The City of Greer is not at all concerned with, nor affected in the slightest degree by, plaintiff's claim for punitive damages. Neither is the measure of actual damages in the two causes of action exactly the same. That in trespass is for the injury or damage to the real estate. In the action against the City of Greer there is involved the value of the lands *taken,* as well as damages to the remainder. There is no basis for joint or com-

mon liability against the two defendants. There must be separate verdicts and separate judgments.

We think *Piper v. American Fidelity & Casualty Co.*, 157 S. C. 106, 154 S. E. 106, 110, is conclusive on the subject of misjoinder. It was there held that a cause of action for the recovery of actual and punitive damages against a bus company on account of personal injuries sustained by its negligence and willfullness may not be united in the same complaint with a cause of action under a policy of liability insurance, issued in compliance with a statute, wherein the insurer agreed to pay any amount, not exceeding the policy limit, for which the bus company became legally bound to third parties on account of its negligence. The Court concluded that a cause of action in tort may be united with one in contract and if the two causes of action had been for the recovery of only actual damages, they could have been joined, but that a cause of action against the bus company for punitive damages based upon an alleged *willful, wanton and malicious* act could not be united with a cause of action against the insurance company upon its indemnity contract to answer only for the negligence of the bus company. The Court said that the insurance company "was not at all concerned in the plaintiff's cause of action for punitive damages, and was not therefore 'affected' in the slightest degree thereby."

In the instant case the plaintiff is seeking to recover actual and punitive damages against Reed & Abee, Inc., for its "high-handed, heedless, wanton and reckless" acts and just compensation under the constitution against the City of Greer. It is clear under the *Piper case* that these two causes of action may not be united in the same complaint.

We do not think, as plaintiff's counsel seems to think, that the *Piper case* was overruled or modified by *Daniel v. Tower Trucking Co.*, 203 S. C. 119, 26 S. E. (2d) 406. In that case an action for alleged wrongful death was brought against a public carrier and its insurer for the recovery of only actual damages The plaintiff sought dam-

ages for $5,000.00, the policy limit, against the insurance company and $25,000.00 against the carrier. The defendants demurred for misjoinder of causes of action, contending that since different amounts of recovery were sought against the insurance company and the carrier, the two causes of action could not be united in the same complaint. The Court held that this fact did not preclude joinder. The *Piper case* was distinguished upon the ground that the plaintiff there sought to recover punitive as well as actual damages against the carrier.

We know of no case modifying the principle upon which the *Piper case* was decided. On the contrary, the holding in that case was reaffirmed in *Benn v. Camel City Coach Co.,* 162 S. C. 44, 160 S. E. 135.

For cases from other jurisdictions supporting the foregoing conclusion, see *Rakestraw v. State Highway Department,* 143 Kan. 87, 53 P. (2d) 482 and *Sickler v. City of Broken Bow,* 143 Neb. 542, 10 N. W. (2d) 462.

We have carefully examined the following decisions strongly relied on by plaintiff : *Webber v. Town of Jonesville, supra,* 94 S. C. 189, 77 S. E. 857; *Rhame v. City of Sumter,* 113 S. C. 151, 101 S. E. 832; *Little v. Robert G. Lassiter & Co.,* 156 S. C. 286, 153 S. E. 128; *Walsh v. Dawson Engineering Co.,* 159 S. C. 425, 157 S. E. 447. No question of misjoinder was raised in any of these cases. Moreover, in none of them was any effort made to unite in the same complaint a cause of action against a governmental agency for compensation under the Constitution and a cause of action against a private individual or corporation in tort.

In view of our conclusion that there is a misjoinder, we do not find it necessary to pass upon the contention of the City of Greer that since the right to compensation is not denied, plaintiff's sole remedy is under the condemnation statute. Nor are we called upon to determine whether the facts are sufficient to state a cause of action against Reed & Abee, Inc.

The order overruling the demurrer is reversed with leave to the plaintiff, within twenty days after the filing of the remittitur, to amend the complaint as she may be advised, consistent with the conclusions herein announced.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.