17814

Mrs. Katherine M. HOLLIFIELD, Respondent, v. Louie H. KELLER, d/b/a The Goody Shoppe, William Lasley, and The City of Columbia, South Carolina, of whom The City of Columbia, South Carolina is, Appellant. Joseph G. HOLLIFIELD, Respondent, v. Louie H. KELLER, d/b/a The Goody Shoppe, William Lasley, and The City of Columbia, South Carolina, of whom The City of Columbia, South Carolina is, Appellant.

(121 S. E. (2d) 213)

*Messrs. John W. Sholenberger* and *Edward A. Harter, Jr.,* of Columbia, *for Appellant,*

*Messrs. Winter & Winter,* of Columbia, *for Respondents,*

July 31, 1961.

Moss, Justice.

There are two separate appeals involved in this case. The City of Columbia, South Carolina, is appellant in each case. The respondents are Katherine M. Hollifield and Joseph G. Hollifield, husband and wife.

The complaint in the wife's case alleges that William Lasley, one of the defendants, owns a building fronting on Devine Street in the City of Columbia, South Carolina, and that he leases such building to Louie H. Keller, also a defendant, who operates in said building a place of business known as The Goody Shoppe. The complaint alleges that on top of the building is a freezing unit tower which uses a large volume of water, and the water therefrom flows down through a drainpipe and out into an alleyway between the Goody Shoppe building and that of an adjacent owner. It is further alleged that on February 8, 1960, that the temperature was below freezing and the water that was discharged from the freezing unit tower flowed onto Devine Street and there became frozen and formed a sheet of ice over a portion of said street. It is further alleged that while Katherine M. Hollifield, one of the respondents herein, was driving an automobile over and along the said Devine Street, it skidded or slipped on the ice and crashed into a telephone pole, resulting in serious and painful bodily injuries to her. The cause of action against the City of Columbia, South

Carolina, the appellant herein, was brought under Section 47-70 of the 1952 Code of Laws, as amended, it being asserted that the negligent acts and omissions on the part of the City of Columbia, combined with the negligent acts and omissions on the part of the other defendants, proximately caused the respondent's injuries.

The City of Columbia moved to strike from said complaint (1) The allegations in both causes of action characterizing the acts of the appellant and the other defendants as willful and wanton; and (2) The word "painful" used in describing respondent's injuries. The City of Columbia demurred to the complaint on the ground that several causes of action have been improperly united, in that said causes of action affect the various parties differently.

The motion to strike and the demurrer were heard by the Honorable James M. Brailsford, Jr., presiding Judge, and on November 30, 1960, he handed down an order overruling the demurrer, requiring the words "willful" and "wanton" to be stricken from the complaint, and refusing to strike the word "painful" from said complaint, but reserving to the appellant the right to raise this question upon the trial of the case.

The action by Joseph G. Hollifield, the husband of Katherine M. Hollifield, was commenced on the same day that she instituted her action. However, his action was brought in the Richland County Court and the allegations in his complaint, with regard to the injuries to his wife and the acts and omissions of the defendants Louie H. Keller and William Lasley, and the acts of the appellant, are substantially the same, except that he characterizes the said acts as not only negligent, but "reckless, willful and wanton." In addition, he alleges that it was the duty of the City of Columbia to keep Devine Street cleared of hazardous and defective conditions, or at least to warn the public of the impending danger caused by the ice coating on said street. He further alleges that the injuries to his wife were proximately caused

by the negligent, willful and wanton acts on the part of the City of Columbia, combining with such acts on the part of the other defendants. He further alleges that as a result of the serious and painful injuries to his wife he has lost her services and his right of consortium.

The City of Columbia moved to strike from said complaint (1) the allegations in both causes of action characterizing the acts of the appellant and other defendants as reckless, willful and wanton; (2) of serious and painful injuries to respondent's wife; (3) of respondent's loss of consortium, and (4) setting out respondent's theory of the appellant's duty under the circumstances. The City also demurred to the complaint on the ground that several causes of action have been improperly united, in that said causes of action affect the various parties differently.

The motion to strike and the demurrer were heard by the Honorable Legare Bates, Judge of the Richland County Court, and on August 9, 1960, he handed down an order overruling the demurrer and the motion to strike.

The first question for determination is whether or not a cause of action against the appellant, under Section 47-70 of the 1952 Code of Laws, as amended, may be joined with a cause of action in tort against the other defendants.

The complaint, in each of the cases is divided into two causes of action. It is alleged that the injury to Katherine M. Hollifield was occasioned by the negligence of the defendants, Louie H. Keller and William Lasley, in allowing water to flow from their premises onto the street; and that the appellant was negligent in permitting the water to collect and remain upon said street where it became frozen, and as a result thereof caused the respondent's car to skid, resulting in injury to her. It thus appears that the complaint states only one cause of action against the defendants and the appellant, and charges them with negligence as joint tort-feasors. The only distinction made by separation and designation as two causes of action is the

difference in amounts of damage claimed against the respective parties.

We have held that one who has sustained injury as the result of joint or concurrent negligence may, at his election, proceed against one, or several, or all of the joint tortfeasors. *Johns et al. v. Castles,* 229 S. C. 51, 91 S. E. (2d) 721.

In the case of *Pendleton v. Columbia Ry., Gas & Electric Co. et al.,* 133 S. C. 326, 131 S. E. 265, 267, the Court said:

"That a single injury, which is the proximate result of the separate and independent acts of negligence of two or more parties, subjects the tort-feasors, even in the absence of community of design or concert of action, to a liability which is both joint and several, is a proposition recognized and approved in this state and supported by the great weight of authority elsewhere. *Matthews v. Seaboard Air Line Railway,* 67 S. C. 499, 514, 46 S. E. 335, 65 L. R. A. 286. *Steele v. Atlantic Coast Line Railroad Co.,* 95 S. C. 124, 126, 78 S. E. 705; Cooley on Torts (3d Ed.), p. 246; 38 Cyc. 488. Since the liability of such tort-feasors is both joint and several, it is well settled that the law gives to the injured party the option of suing two or more of the parties liable jointly; that is, as defendants in one action, or of suing each upon his several liability in a separate action. And since the injured party's right to join two or more alleged tort-feasors in one action may be sustained only upon the theory of joint liability, when a plaintiff joins two or more alleged wrongdoers as parties defendant in one action, such joinder in itself necessarily implies that he has elected to treat his injury as a joint tort, and to recover upon the theory of joint liability. * * *"

The case of *Clarke v. City of Greer et al.,* 231 S. C. 327, 98 S. E. (2d) 751, 752, was a landowner's action against the City of Greer and Reed & Abee, Inc., general contractor, to recover damages for unlawful entering upon such landowner's tract of land and laying sewer lines through said

property. The complaint contained two causes of action, separately stated. The first cause of action charges the City of Greer with making an unlawful entry upon and taking of plaintiff's property for a public use without just compensation being first made therefor. Article I, Section 17, of the 1895 Constitution of South Carolina. The second cause of action alleges a trespass by the contractor and seeks to recover actual and punitive damages therefor. The defendants interposed a demurrer to the complaint upon the ground that the two causes of action are improperly joined in the complaint. We held that these two causes of action may not be united in the same complaint, and in so doing it was stated that the first cause of action is one under the Constitution of this State, and the second one is a common law action in tort for an alleged trespass. The nature and measure of damages recoverable in the two actions are different. We further held that there was no basis for joint or common liability against the two defendants. We quote from the Opinion the following:

"The only question we need consider is whether the two causes of action may be joined in the same complaint. Section 10-701 of the 1952 Code permits the plaintiff to unite in the same complaint several causes of action when they arise out of the same transaction, but the causes of action so united must, except in actions for foreclosure of mortgages, 'affect all the parties to the action.' Assuming that both of the causes of action here arise out of the same transaction, there remains the crucial question of whether each affects both parties defendant.

" 'As a general rule, in order to authorize a joinder, the causes must affect the different defendants in such manner as to create a joint or common liability or the defendants must have a joint or common interest.' 1 C. J. S., Actions, § 98, p. 1287."

Under Section 47-70 of the 1952 Code of Laws of South Carolina, the liability imposed upon a municipality to any person who sustains personal injury or

property damage by reason of "a defect in any street, causeway, bridge or public way or by reason of a defect or mismanagement of anything under control of the corporation within the limits of any city or town" is conditioned upon the existence of actionable negligence on the part of such municipal corporation, as that term is understood and applied in the law of torts. *Foster v. City of Union,* 129 S. C. 257, 123 S. E. 839. In many jurisdictions it has been held that a municipality and an abutting landowner or occupier may be joined as defendants in an action for injuries resulting from defects in a sidewalk or highway where all are charged with a common duty to the traveling public, even though there may be no concert of action between them. See note in 15 A. L. R. (2d), beginning at page 1296, and the cases cited therein. In the New York case of *Van Wagenen v. Kemp,* 7 Hun 328, it was held that a municipal corporation and an individual tort-feasor may be sued jointly for an injury due to a defect or excavation in or upon a street or sidewalk where they were guilty of a joint misfeasance.

An examination of the complaints shows that the respondents charged the defendants and the appellant with separate and independent acts of negligence which jointly and concurrently caused their injuries, subjecting such defendants and the appellant to suit as joint tort-feasors. We think the trial Judge properly overruled the demurrers interposed by the appellant.

The appellant asserts that the trial Judge erred in refusing to strike the words characterizing Katherine M. Hollifield's personal injuries as "painful". It argues that pain and suffering are not proper elements of damages in an action against a municipal corporation, under Section 47-70 of the 1952 Code of Laws.

Section 47-70 of the Code defines the damages which may be recovered as follows: "Any person who shall receive bodily injury or damages in his person * * * through a defect in any street * * * may recover in an action against such

city or town the amount of actual damages sustained by him * * *".

The case of *Robinson v. Town of St. Matthews,* 89 S. C. 30, 71 S. E. 234, was an action brought under Section 2023 of the 1902 Code of Laws (now Section 47-70 of the 1952 Code of Laws) for damages for personal injuries alleged to have been sustained by the plaintiff because of a defect in the street resulting from the negligence or mismanagement of the municipal authorities. There was a verdict in favor of the plaintiff and the municipality appealed, contending that it was error for the trial Judge to allow the jury to take mental pain and suffering into consideration in estimating damages. This Court, in affirming the judgment of the Circuit Court, said:

"Appellant contends that it was error to allow the jury to take mental pain and suffering into consideration in estimating damages. Mental pain and suffering connected directly with physical injury constitute a part of the physical injury for which compensatory damages may be allowed. *Mack v. South Bound R. R. Co.,* 52 S. C. 332, 29 S. E. 905, 40 L. R. A. 679."

The complaints allege that Katherine M. Hollifield sustained serious and painful bodily injuries. It thus appears from this allegation of the complaints that pain alleged to have been suffered was directly connected with her bodily injuries. We think that the motions made to strike the word "painful" from the complaints were properly denied.

The appellant moved to strike from each of the complaints all allegations therein contained characterizing the acts of the appellant and the other defendants as "reckless, willful and wanton." An examination of the comlaints reveals that the respondents do not pray for the recovery of punitive damages, but only demand actual damages. Judge Brailsford, in the *Katherine M. Hollifield case,* ordered all allegations as to willfullness and wantonness stricken from the complaint. In the *Joseph G. Hollifield case,* Judge Bates refused the motion to strike such allegations.

It is provided in Section 10-606 of the 1952 Code of Laws, and under Rule 20 of the Circuit Court, that if irrelevant or redundant matter be inserted in a pleading it may be stricken out on motion of any person aggrieved thereby. We have held that an allegation is irrelevant when it has no substantial relation to the controversy. *Lucas et al. v. Garrett et al.*, 208 S. C. 292, 38 S. E. (2d) 18; *DuBose et al. v. Bultman*, 215 S. C. 468, 56 S. E. (2d) 95. It has also been held that an allegation is irrelevant when the issue formed by its denial can have no connection with nor effect upon the cause of action. *Smith v. Smith*, 50 S. C. 54, 27 S. E. 545.

Section 47-70 of the 1952 Code limits a recovery thereunder to the actual damages sustained by any person receiving bodily injury or damages in his person or property through a defect in any street. The respondents, in their complaints, only ask for the recovery of actual damages. Since punitive damages are not recoverable in an action against a municipal corporation, nor have the respondents sought to recover such damages, the allegations of the complaints alleging "recklessness, willfullness and wantonness" should have been stricken out as being irrelevant.

The case of *Tittle v. Kennedy*, 71 S. C. 1, 50 S. E. 544, was an action in claim and delivery. The complaint contained allegations appropriate to a cause of action for the recovery of punitive damages. The defendants moved to strike such allegations on the ground that since punitive damages are not recoverable in a claim and delivery action, it was improper to plead allegations appropriate to the recovery of such. The Court held that since punitive damages were not recoverable in a claim and delivery action, that the allegations of the complaint relating thereto should have been stricken out. Judge Bates was, therefore, in error in refusing to grant the motion of the appellant to strike the words "reckless, willful and wanton" wherever such appeared in the complaint in the *Joseph G. Hollifield case*.

The appellant moved to strike from the husband's complaint the allegation therein contained that since the date of the injury to his wife that he has been without her services and has been deprived of his right of consortium with his wife. Judge Bates refused to strike this allegation. The exception of the appellant alleges this to be error. The appellant, by its exception, challenges the right of a husband to maintain an action, under Section 47-70 of the 1952 Code of Laws, for damages for loss of consortium, growing out of an injury to the wife caused by the negligence of a municipal corporation.

We refer again to Section 47-70 of the Code, where it is provided that "any person who shall receive bodily injury or damages in his person or property through a defect in any street" may recover as therein provided.

We have held that the husband's loss of consortium, as a result of injuries sustained by his wife, is a right which gives rise to damages. *Cook v. Atlantic Coast Line Ry. Co. et al.,* 196 S. C. 230, 13 S. E. (2d) 1, 133 A. L. R. 1144; and *Vernon v. Altantic Coast Line Ry. Co.,* 218 S. C. 402, 63 S. E. (2d) 53. However, we have found no case holding that a husband's loss of consortium, as a result of injuries sustained by the wife, through a defect in any street, entitles such husband to maintain an action for such loss under Section 47-70 of the 1952 Code of Laws of South Carolina.

It has long been the settled law of this State that an action for damages for tort will not lie against a municipal corporation unless the corporation is made liable by statute, because such corporation is merely an agent of the State for governmental purposes. *Parish v. Town of Yorkville,* 96 S. C. 24, 79 S. E. 635, L. R. A. 1915A, 282; *Collins v. City of Greenville,* 233 S. C. 506, 105 S. E. (2d) 704; and *McKenzie v. City of Florence et al.,* 234 S. C. 428, 108 S. E. (2d) 825, 829.

It has also been held that an action in tort against a municipality can be maintained only by reason of Section 47-70 of the Code, and individuals who un-

dertake to maintain an action for damages alleged to have been suffered at the hands of a municipality, must bring themselves strictly within the purview of the statute. *Singleton v. City of Sumter,* 180 S. C. 536, 186 S. E. 535. A statute permitting a suit against cities and towns for damages to person or property, being in derogation of sovereignty, should be strictly construed. The Court is without authority to expand or enlarge the provisions of the statute by interpretation; amendment by the Legislature is the only proper means to that end. *Abernathy et al. v. City of Columbia,* 213 S. C. 68, 48 S. E. (2d) 585.

In the case of *McKenzie v. City of Florence et al., supra,* we quoted with approval from the case of *Brooks v. One Motor Bus,* 190 S. C. 379, 3 S. E. (2d) 42, the following:

"As we understand the rule relating to the immunities attaching to sovereignty, such attributes are never to be considered as waived or surrendered by any inference or implication. The surrender of an attribute of sovereignty being so much at variance with the commonly accepted tenets of government, so much at variance with sound public policy and public welfare, the Courts will never say that it has been abrogated, abridged, or surrendered, except in deference to plain, positive legislative declarations to that effect. *Heman Const. Co. v. Capper,* 105 Kan. 291, 293, 182 P. 386.

"Our legislative history amply shows that the General Assembly has been fully cognizant of this sound principle of law. It has in several instances by express enactment prescribed the cases in which actions are allowed against counties, cities, towns and the State Highway Department. And in those enabling statutes the Legislature has invariably set forth with care and precision the terms and conditions upon which suit may be brought. * * *" *Rice Hope Plantation v. South Carolina Public Service Authority,* 216 S. C. 500, 59 S. E. (2d) 132.

In the case of *Lounsbury v. City of Bridgeport,* 66 Conn. 360, 34 A. 93, 94, an action was brought by a husband to re-

cover damages resulting to him from injuries to his wife, caused by a defective highway in the City of Bridgeport. The complaint alleged that the husband, because of injuries to his wife, and in consequence thereof, had been deprived of her services and conjugal society, and compelled to expend a large sum of money for her medical attendance, medicine and nursing. To this complaint, the defendant demurred, (1) becouse the facts stated set out no cause of action, and (2) because it did not appear in the complaint that the plaintiff had sustained any injury in person or property. We quote from the opinion of the Court, the following:

"The principal question in the case is whether, under our statute, damages of the kind here sought can be recovered. The section in question (2673) provides that 'any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair.' That the duty imposed by the statute upon the defendant is a governmental duty, that the liability imposed for a breach of that duty is wholly a statutory one, and that the damages to be recovered for injuries resulting from such a breach can be only such as are prescribed by the statute, are propositions so well established that it would be superfluous to cite authorities in support of them. That damages of the kind here in question could not be recovered under the statute upon this subject, as it stood prior to the Revision of 1875, was decided in *Chidsey v. Canton,* 17 Conn. 475; and that case is decisive of this against the plaintiff, as is admitted in the brief of his counsel, unless the present statute is so different from the former as to warrant or necessitate the construction for which the plaintiff contends. The former statute read as follows: Section 6: 'If any person shall lose a limb, break a bone, or receive any bruise, or bodily injury, by means of any defective bridge or road, the town * * * which ought to keep such road or bridge in repair, shall pay to the person, so hurt or wounded, just damages.' Section 7: 'If any horse, or other beast, or any cart, carriage, or other property, shall receive any injury or

damage, by means of any defective road or bridge, the town * * * which ought to keep such road or bridge in repair, shall pay to the owner of such beast, or property, just damages.' Revision 1866, p. 493. These provisions, in substantially the same form and language as above given, appeared in the first printed edition of the statutes of this state, over 200 years ago (St. 1808, p. 120, note 1) ; and they remained substantially in the same form as first printed down to the time of the Revision of 1875. In that Revision the statute was changed so as to read substantially as it now appears in section 2673 of the present Revision, hereinabove recited."

The Connecticut Court sustained the demurrer to the complaint, saying: "We are satisfied that the law as to the liability of towns for injuries arising from defective highways was not changed by the Revision of 1875."

The case of *Lewis v. City of Springfield,* 261 Mass. 183, 158 N. E. 656, involved the construction of Rev. St. c. 25, Section 22, which provided that "If any person shall receive any injury in his person or property, by reason of any defect or want of repair * * * the person so injured may recover. * * *" The Massachusetts Court said:

"In *Harwood v. Lowell,* 4 Cush. 310, which was decided in 1849, it was said by Chief Justice Shaw at page 313, that in view of the progress of legislation 'there was no intention to change the rule of law, so as to include consequential damages; that the Legislature well understood, that the prior law gave damages only for direct injury to the person, and direct injury to personal property, and intended to re-enact the same rule in the present terms.' In that case it was held that a husband whose wife had been injured by reason of a defect in the highway could not recover for loss of her services or for medical and other expenses incurred in consequence of the injury."

Section 47-70 of the Code does not, in specific language, authorize an action against a municipality for the loss of consortium. We cannot, by interpretation, expand or en-

large the provisions of the said statute. To hold otherwise would have the effect of broadening the permissory statute by judicial decree and bring about that which the Legislature has within its prerogative not done. We think that the correct rule is set forth in the Massachusetts case of *Lewis v. City of Springfield, supra,* where it was held, under a statute worded similar to ours, that such did not allow the recovery of consequential damages but did allow recovery only for direct injury to the person or property.

We think that Judge Bates was in error in refusing to strike from the husband's complaint the allegation therein contained that since the date of the injury to his wife, he had been without her services and had been deprived of his right of consortium.

In view of the conclusion we have hereintofore reached, it becomes unnecessary to decide the other questions raised by the appellant.

The order of Judge Brailsford is affirmed. The order of Judge Bates is reversed because of his failure to strike from the complaint of the husband the allegation characterizing the acts of the appellant and the other defendants as "reckless, willful and wanton"; and his failure to grant the motion of the appellant to strike from the complaint the allegation with reference to his loss of services of his wife and of his being deprived of his right of consortium.

Affirmed in part and reversed in part.

TAYLOR, C. J., OXNER and LEWIS, JJ., and J. B. NESS, Acting Associate Justice, concur.