17813

Rayford T. BRAZELL, Respondent, v. CITY OF CAMDEN, South Carolina, Appellant

(121 S. E. (2d) 221)

*Harold W. Funderburk, Esq.,* of Camden, *for Appellant,*

*Messrs. J. Reese Daniel,* of Columbia, and *Murchison, West & Marshall,* of Camden, *for Respondent,*

July 31, 1961.

TAYLOR, Chief Justice.

This appeal is from an Order overruling defendant's demurrer to the complaint, upon the ground that the complaint did not state a cause of action in that it is not alleged that plaintiff personally was injured in his person or property, but, on the contrary, a person other than plaintiff (his wife) allegedly sustained personal injuries by reason of defect in a street.

Two separate actions were instituted against the City of Camden, one by Bertha Brazell for damage for pain and suffering resulting from a fall allegedly caused by defect in a street in the City of Camden; and the other, the one with which we are concerned here, was by her husband for medical bills and loss of consortium by reason of his wife's fall and injury. The defendant, City of Camden, answered the complaint in the wife's action on the merits and demurred to the second or the husband's action. After hearing by the Presiding Judge, the demurrer was overruled. The defendant City then answered on the merits, reserving its right of appeal from the Order overruling the demurrer. Thereafter, upon trial, the husband was awarded damages; and the matter is now before this Court not upon the merits of the case but from the Order overruling the demurrer and will be determined by resolving the question of whether Section 47-70, Code of Laws of South Carolina, 1952, creates or grants to a husband or wife a cause of action for damages and loss of consortium as a result of injury from a defect in a street.

At common law the sovereign is immune to suit, *McKenzie v. City of Florence,* 234 S. C. 428, 108 S. E. (2d) 825; *Brooks v. One Motor Bus, etc.,* 190 S. C. 379, 3 S. E. (2d) 42; and the immunity of the sovereign will never be considered as waived or surrendered or waived by inference or implication. To do so would be at variance with the common duty of Government and sound public policy to such an extent that the Courts have refused to hold

that the sovereign immunity has been abrogated, abridged, or surrendered, except under plain and positive provisions of the statute, *McKenzie v. City of Florence, supra; Brooks v. One Motor Bus, etc., supra; Rice Hope Plantation v. South Carolina Public Service Authority,* 216 S. C. 500, 59 S. E. (2d) 132.

The Section of the Code which plaintiff relies upon, Sec. 47-70, provides:

"Any person who shall receive bodily injury or damages in his person or property through a defect in any street, causeway, bridge or public way or by reason of a defect or mismanagement of anything under control of the corporation within the limits of any city or town may recover in an action against such city or town the amount of actual damages sustained by him by reason thereof if such person has not in any way brought about any such injury or damage by his own negligent act or negligently contributed thereto."

Plaintiff, Brazell, sustained no fall and he received no injury or damage unless the wife's medical bills and his loss of consortium are to be considered as property. The husband's duty relative to support of his wife and, in turn, such rights as exist relative to him as a husband are created with respect to the marital relationship of the parties and not by statute waiving the immunity of the sovereign.

Before recovery can be had under Section 47-70 of the Code, there must be an affirmative showing of an absence of negligence on the part of the person damaged. The Act as amended also limits the amounts recoverable under certain conditions which is indicative to us that the Act was never intended to cover such damages as contended here, as it has long been established by numerous decisions that immunity must be expressly waived and such statutes must be given a strict construction. See *Reeves v. City of Easley,* 167 S. C. 231, 166 S. E. 120. No right of the husband to sue the State for loss of consortium existed under the common law, *Fairey v. City of Orangeburg,* 227

S. C. 458, 88 S. E. (2d) 617; and given its strict construction, which this Court must do, Sec. 47-70 of the Code does not provide for or authorize an action by a spouse against a municipality for medical bills and loss of consortium occasioned by injury to the husband or wife through a defect in a street.

This question has not heretofore been before this Court, but substantially the same question is now under consideration in another case, *Hollifield v. Keller, et al.,* 121 S. E. (2d) 213, where the question arose by way of motion to strike while in instant case it arose by way of demurrer.

We are of the opinion that the demurrer should have been sustained; and It Is So Ordered.

Reversed.

OXNER, LEGGE, Moss and LEWIS, JJ., concur.