## 18943

Emmett C. STILL, Respondent, v. HAMPTON AND BRANCH-
VILLE RAILROAD, and the South Carolina State Highway De-
partment, of which the South Carolina State Highway Department
is, Appellant.

(169 S. E. (2d) 97)

*Messors. Daniel R. McLeod, Attorney General,* and *C.
Tolbert Goolsby, Jr.,* and *C. Pinckney Roberts, Assistant*

*Attorneys General,* of Columbia, and *Isadore Bogoslow,* of Walterboro, *for Appellant,*

*Messrs. Smoak & Smoak,* of Walterboro, and *Henry Hammer,* of Columbia, *for Respondent,*

July 18, 1969.

BRAILSFORD, Justice.

This appeal is from an order of the circuit court overruling a demurrer to the complaint upon the ground of misjoinder of causes of action.

The plaintiff sustained injuries to his person and property in a collision at a crossing of the tracks of the Hampton and Branchville Railroad over a state highway in Colleton County. He sued the South Carolina State Highway Department and the railroad company as joint tort-feasors. The complaint specified numerous acts and omissions of each defendant which allegedly combined and concurred to produce an unreasonably hazardous condition on the highway which caused the collision, without contributory fault of plaintiff.

An action against the highway department by any person who suffers injury to his person or property because of a defect in a highway is permitted by Sec-

tion 33-229, Code of 1962. Only actual damages may be recovered, not exceeding $3,000.00 for property damage and $8,000.00 for personal injury or death. The sufficiency of the complaint to state a cause of action against the department within the terms of this section is not contested here. Subject to the conditions of the enabling act, general tort principles are applicable in an action against the department, including the principle that one who has been injured by the joint or concurrent negligence of two persons may, at his election, sue either or both for the full amount of his damages.

In *Hollifield v. Keller*, 238 S. C. 584, 121 S. E. (2d) 213, an action was allowed against the City of Columbia and a property owner for injury from a defect in the street allegedly caused by the concurrent negligent acts of both, although greater damages were sought against the property owner than were allowable against the city under the applicable enabling statute, Section 47-70, Code of 1962. The complaint in *Hollifield,* in form, stated two causes of action, one against each defendant. However the court held that the defendants were charged as joint tort-feasors, and that only one cause of action was stated. Therefore, the city's demurrer for improper joinder was without merit.

The highway department attempts to distinguish this case from *Hollifield* upon the sole ground that the plaintiff seeks to recover both actual and punitive damages from the corporate defendant, whereas only actual damages were sought in *Hollifield*. The issue on this appeal is whether two causes of action are misjoined in the complaint. Therefore, the distinction relied upon is immaterial unless, as is contended, the plaintiff's claimed right to recover punitive damages against the corporate defendant rests upon a cause of action, separate and distinct from his claim to actual damages. The department cites *Hallman v. Cushman,* 196 S. C. 402, 13 S. E. (2d) 498, as authority for the proposition that awards of actual and punitive damages are sup-

ported by distinct causes of action, although they may be "jumbled" under Section 10-678, Code of 1962.

The opinion in *Hallman* touches upon the point only in the following statement: "It is true that a cause of action for punitive damages and a cause of action for actual damages are logically and technically separate and distinct, although they may be pleaded together under the statute frequently termed the 'jumbling act,' Code 1962, Sec. 484." 13 S. E. (2d) at 500. The quoted excerpt from the opinion was strictly *obiter dictum,* but it correctly expressed a view of the law which formerly prevailed in this jurisdiction. However, the learned writer of the opinion overlooked *Furman v. A. C. Tuxbury Land & Timber Co.,* 112 S. C. 71, 99 S. E. 111, in which the issue was squarely involved, and the earlier decisions were overturned by an unanimous court. The opinion by Mr. Justice Hydrick, which is thoroughly buttressed by reason and authority, points out that the error in the former view was "in confusing the cause of action with the nature of the damages which the law imposed upon the defendant as a consequence of its invasion of the plaintiff's right. * * * (T)he relief alone, and not the cause of action, was determined or affected by the mental attitude of the defendant in doing the wrong." 99 S. E. at 113.

The *Furman* decision unequivocally declared the law of this jurisdiction to be that one who is injured by the tortious conduct of another has a single cause of action against the wrongdoer to recover actual damages, if the tort was merely negligent, or to recover both actual and punitive damages, if the tort was willful. This declaration of the law was again overlooked in the dissenting opinion in *Allen v. Atlanta & C. Air Line Ry.,* 216 S. C. 188, 57 S. E. (2d) 249, 23 A. L. R. (2d) 657, where the earlier decisions were referred to as controlling precedents. The majority opinion, while not mentioning *Furman,* reached a result which was entirely consistent with it. Neither this decision, nor any other which has come to our attention,

impairs the standing of the decision in *Furman* as a precedent. The department's charge that the circuit court erred in overruling the demurrer rests upon a view of the law contrary to that established by this controlling precedent and is, therefore, without merit.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.