## 21015

Gene Thomas WATFORD, Appellant, v. SOUTH CAROLINA HIGHWAY DEPARTMENT, Respondent.

(257 S. E. (2d) 229)

*Robert L. Kilgo,* Darlington, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Senior Asst. Atty. Gen. John P. Wilson,* Columbia, and *Paul A. Sansbury,* Darlington, *for* respondent.

July 30, 1979.

RHODES, Justice:.

This is an action commenced by appellant to recover damages for loss of consortium and medical expenses resulting from his wife's involvement in an automobile collision with a State owned patrol car. The lower court sustained respondent's demurrer and dismissed the action, concluding that the husband's suit was not authorized by statute. We agree and affirm.

The parties agree that the single issue presented is whether the South Carolina Governmental Motor Vehicle Tort Claims Act (Tort Claims Act) provides for recovery against the State by a husband for medical expenses and loss of consortium arising from physical injuries sustained by his wife.

Basically, the Tort Claims Act, § 15-77-210, *et seq.,* S. C. Code of Laws (1976) allows "[a]ny person sustaining an injury" to sue the State for damages arising out of the negligent operation of State owned vehicles while engaged in State business. *See* § 15-77-230. "Injury" is defined in the Tort Claims Act as:

. . . death, injury to a person, damage to or loss of property, or any other injury or loss that a person may suffer *to his person or property,* that would be actionable at law if inflicted by or through the fault of a private person or his agent; § 15-77-220(5). S. C. Code of Laws (1976) (emphasis added).

The lower court correctly concluded that the phrase "to his person or property" restricted recovery to direct personal injuries and property damage sustained by the wife

and did not allow for the damages now sought by the husband.

This interpretation is supported by case law construing a similar statute. In *Brazell v. City of Camden,* 238 S. C. 580, 121 S. E. (2d) 221 (1961), it was held that an uninjured husband's action for loss of consortium and wife's medical expenses could not be maintained under § 47-70, S. C. Code of Laws (1952) [currently § 5-7-70, S. C. Code of Laws (1976)] which authorized a municipality to be sued by "[a]ny person who shall receive bodily injury or damages *in his person or property* through a defect in any street . . ." (emphasis added). The court reasoned that:

Plaintiff, Brazell, sustained no fall and he received no injury or damage unless the wife's medical bills and his loss of consortium are to be considered as property. The husband's duty relative to support of his wife and, in turn, such rights as exist relative to him as a husband are created with respect to the marital relationship of the parties and not by statute waiving the immunity of the sovereign. *Id.* at 583, 121 S. E. (2d) at 222.

The same issue and result were involved in *Hollifield v. Keller,* 238 S. C. 584, 121 S. E. (2d) 213 (1961), the court there concluding that the statute provided relief only for direct injury to the person or property:

Section 47-70 of the Code does not, in specific language, authorize an action against a municipality for the loss of consortium. We cannot, by interpretation, expand or enlarge the provisions of the said statute. To hold otherwise would have the effect of broadening the permissory statute by judicial decree and bring about that which the Legislature has within its prerogative not done. *Id.* at 598, 121 S. E. (2d) at 220.

Appellant urges that the Tort Claims Act is broader than the "defect" legislation above discussed, authorizes suits not previously allowable, and was intended to allow an individ-

ual the same recovery against the State as would be available against a private person.

The South Carolina Constitution provides that "[t]he ■ General Assembly may direct, by law, in what manner claims against the State may be established and adjusted." S. C. Const., Art. XVII, § 2. And, because such statutes are in derogation of sovereign immunity, it is universally held that recovery must be restricted to the precise circumstances mentioned in the statute:

We have consistently held that it is the duty of the court to construe the Acts waiving sovereign immunity so as to uphold the power of the State to refuse to be sued by a citizen in its own court, except in those instances where the State has expressly consented to be sued. *Morris v. S. C. Highway Dept.*, 264 S. C. 369, 374, 215 S. E. (2d) 430, 432 (1975).

While the Tort Claims Act does contain express language allowing recovery for injuries or loss that a person may suffer that would be actionable at law if inflicted through the fault of a private person, the prior wording of the statute qualifies this broad language by restricting its scope to injuries and losses that a person may suffer to "his person or property". It is to be noted that the restrictive phrase, to his person or property, appears in the statute immediately before and in the same sentence as the broader permissory language. We are unable to give weight to all of the words of the statute, as the law requires that we do, without a finding that the restrictive phrase limits recovery in accordance with its terms.

For the foregoing reasons, we affirm the judgment of the lower court.

Affirmed.

LEWIS, D. J., and LITTLEJOHN, J., concur.

Ness and Gregory, JJ., dissent.

Ness, Justice (dissenting):

I dissent. The statute in question states "—or any other injury of loss that a person may suffer to his person or property *that would be actionable at law if* inflicted by or through the *fault of a private person—*." (Emphasis supplied).

I conclude this act places the State in the same position as a private person. Certainly if the appellant were instituting an action against a *private person* for loss of consortium, it would not be demurrable. *Hughey v. Ausborn,* 249 S. C. 470, 154 S. E. (2d) 839, 25 A.L.R. (3d) 1406 (1967).

I would reverse the order of the trial court and remand.

Gregory, J., concurs.