23967

Benjamin P. ENDRES, Jr., and Colleen Endres, Respondents v. GREENVILLE HOSPITAL SYSTEM, Appellant.

(439 S.E. (2d) 261)

Supreme Court

G. *Dewey Oxner, Jr.* and *Sally McMillan,* both of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for appellant.*

D. *Michael Parham,* of *Parham and Smith,* Greenville, *for respondents.*

Heard Nov. 16, 1993.

Decided Dec. 13, 1993.

MOORE, Justice:

This is an appeal from the circuit court's order granting respondents' motion for summary judgment. We affirm.

## FACTS

Respondent Colleen Endres was injured in a car accident when she was 35 weeks pregnant with her son, Evan. An emergency cesarean was performed at Greenville Memorial Hospital (Hospital). While in the neonatal intensive care unit for treatment of injuries which he sustained in the accident, Evan contracted meningitis. The meningitis resulted in severe and permanent brain damage.

Hospital settled the action brought by Evan for $200,000.00, the maximum amount recoverable under the Charitable Immunity Statute. S.C. Code Ann. § 33-55-210 (1990). The Endreses then brought this derivative action seeking $200,000.00 in actual damages for medical and other related expenses incurred in caring for Evan. The circuit court granted the Endreses' motion for summary judgment. Hospital appeals.

## ISSUES

1) Is the Endreses' action barred by the Charitable Immunity Statute?

2) If not, does the $200,000.00 settlement already received by the Endreses as guardians *ad litem* for Evan bar their derivative action because any recovery would exceed the $200,000.00 limit?

## DISCUSSION

The Charitable Immunity Statute provides in pertinent part:

> *Any person sustaining an injury* or dying by reason of the tortious act of commission or omission of an employee of a charitable organization, when the employee is acting within the scope of his employment, may only recover in any action brought against the charitable organization for the actual damage he may sustain in an amount not exceeding two hundred thousand dollars. An action against the charitable organization under Sections 33-55-210 through 33-55-230 constitutes a complete bar to any recovery by the claimant, by reason of the same subject matter ...

(emphasis added).

Ordinarily, the parents of an injured child have the right to bring an action against the tortfeasor for expenses incurred in caring for the child. 59 Am. Jur. *Parent and Child* § 97 (1987); Restatement, Torts (2d) § 703. Hospital, however, argues the Charitable Immunity Statute does not provide for recovery through derivative actions.

Hospital contends the Endreses did not sustain an "injury" under the Charitable Immunity Statute. We disagree. Hospital cites *Watford v. South Carolina Highway Dept.*, 273 S.C. 463, 257 S.E. (2d) 229 (1979), overruled on other grounds, 285 S.C. 243, 329 S.E. (2d) 741 (1985), where this Court held actions for loss of consortium are not allowed under the Motor Vehicle Tort Claims Act. *Watford*, however, can be distinguished because that Act specifically defined "injury" and limited it to damages "that a person may suffer *to his person or property* ..." *Id.* at 464, 257 S.E. (2d) 229 (emphasis added).

The legislature did not define "injury" for the Charitable Immunity Statute.

Legislative words are to be given their plain and ordinary meaning. *Smith v. Eagle Constr. Co.*, 282 S.C. 140, 318 S.E. (2d) 8 (1984). "Injury" means "[a]ny wrong or damage done to another, either in his person, rights, reputation, or property." BLACKS (5th Ed. 1979). Therefore, we find the Charitable Immunity Statute provides for the Endreses' action.

Hospital also argues the total aggregate amount recoverable is limited to $200,000.00 under the Charitable Immunity Act, § 33-55-210. In the South Carolina Tort Claims Act the legislature include a limitation for the total sum recoverable for any occurrence. S.C. Code Ann. § 15-78-120 (Supp. 1992). Likewise, the legislature could have provided a limitation for the maximum amount recoverable under the Charitable Immunity Act. Section 33-55-210 does not provide an aggregate limit and we will not read one into it. Accordingly, the order of the circuit court is

Affirmed.

CHANDLER, Acting C.J., FINNEY and TOAL, J.J., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.